W. H. FINLAYSON, Trustee, et al v. G. L KIRBY et al.

### *Practice—Appeal—Parties.*

Where, in an action to recover land, the defendants pleaded as an estoppel a judgment rendered in a proceeding for the settlement of the estate of a deceased person under whom all parties claimed and the record shows that some of the heirs and distributees interested in such proceeding had died during the pendency thereof, and that their heirs had not been made parties to the case at bar; *Held*, that the case will be remanded by this Court, in order that all interested persons may be made parties and that the rights and equities of all may be disposed of in one final judgment

CIVIL ACTION to recover land, tried before *Adams, J.*, and a jury at Spring Term, 1897, of WAYNE Superior Court. There was a verdict for the defendants and from the judgment thereon the plaintiffs appealed.

*Mr. H. G. Connor*, for plaintiffs (appellant).
*Messrs. Allen & Dortch* and *W. C. Monroe*, for defendants.

FAIRCLOTH, C. J.: This is an action of ejectment and the title of the land described is in question—all parties claiming under Waitman Thompson, Sr., who conveyed the land to Finlayson and Hines in trust for his son, Waitman Thompson, Jr. The latter and his wife have died leaving no issue of their bodies. The plaintiffs allege that Thompson, Jr. had only a life estate and that they are now the

owners in fee.    The defendants claim under Thompson, Jr., by *mesne* conveyances and allege that he had an estate in fee simple, and that they are the owners.    They also insist that the plaintiffs are estopped by force of a judgment rendered in a proceeding before the Clerk for a settlement of the estate of Thompson, Sr., in which proceeding the personalty and realty, as advancements, were considered and accounted for, including that now in question, to which proceeding all the Thompson heirs were parties.    It appears from the record before us that, pending said proceeding for settlement, several of the Thompson heirs and distributees died intestate and that their heirs were never made parties to that proceeding, and they are not parties in this action.    Their personal representatives only were brought into the proceeding for a settlement.    In order that the rights and equities of all the parties may be disposed of in one final judgment, we have concluded to send this case back to the end that all interested persons be made parties, and that they may be finally concluded as to both the real and personal estate. We think it would not serve any useful purpose to express any opinion on the interesting questions argued here, until all interested persons have had an opportunity to be heard.

Remanded.