A. U. KORNEGAY, petitioner, v. JOHN R. MORRIS.

(Decided October 25, 1898).

*Parties—Petition to Rehear Granted.*

Where it appears that other parties are necessary to a final determination
of the action, this Court will remand the cause to the end that such
interested parties may be brought in.

*Messrs. Allen & Dortch* and *R. O. Burton*, for
petitioner.
*Messrs. Aycock & Daniels*, contra.

MONTGOMERY, J.: The case is before us on a petition
to rehear. The action was begun on the part of the
plaintiff to compel the defendant to specifically perform
his contract to purchase from the plaintiff a certain
piece of real estate in the city of Goldsboro. The
defendant in his answer admitted his agreement to pur-
chase and said he was ready and willing to pay the price
agreed on if he could be sure of getting a good title to
the property, and he averred that the plaintiff had no
such title. Whether or not the plaintiff had a title in
fee absolute to the property depends upon the construc-
tion of certain clauses in the will of James F. Kornegay,
deceased. The plaintiff insists that he took a title in
fee upon the death of the testator (his father) and the
defendant contends that the estate of the plaintiff is a
fee defeasible upon his mother's survival of him.

The argument on the rehearing has at least satisfied us
that the rights of the widow, Frances E. Kornegay,
are so vitally involved in this action as that it would
be proper to have her made a party to the action.
A decision in the case between the parties as now

constituted would not conclude the rights of Mrs. Kornegay, and the question sought to be decided would not be settled thereby, and if acted upon by others in the purchase of real estate devised to the plaintiff under the will of the testator (as it probably would be) might result in litigation between the purchasers and the widow and thereby subject them to annoyance and costs, and loss of time if nothing more.

We therefore have determined, in order that the rights of all persons interested may be disposed of in one final judgment, to remand the case to the Superior Court of Wayne County to the end that Frances E. Kornegay may be made a party defendant with the right to answer. This course has been adopted before by this Court, in the case of *Finlayson* v. *Kirby*, 121 N. C., 106. Remanded for the purpose mentioned in this opinion.

Remanded.