Waltz *v.* Waltz.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded.

*James Brown*, for the appellant.

*W. F. Walker*, for the State.

---

## WALTZ *v.* WALTZ.

If an applicant for divorce has been a *bona fide* resident of the State for one year before filing his petition, and is a *bona fide* resident at the time of such filing, non-residence at the time of trial, will not divest the jurisdiction of the Court.

APPEAL from the *Bartholomew* Circuit Court.

HANNA, J.—The only question in this case is, whether an applicant for divorce must not only be a resident in good faith of the county at the time the application for divorce is instituted, but also at the time of the trial.

The statute is as follows: "Divorces may be decreed by the Circuit Courts of this State, on petition filed by any person who, at the time of the filing of such petition, shall have been a *bona fide* resident of the State one year previous to the filing of the same, and a resident of the county at the time of the filing such petition." Acts 1859, 108.

We suppose this statute does not admit of any interpretation different from its literal reading; that if the applicant was in good faith a resident, at the time named, non-residence at the time of trial would not prevent the Court from acting in the premises.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*R. Hill,* for the appellant.