[No. 12868.  Department One.  August 31, 1915.]

ISABELLA HILL, *Plaintiff and Appellant*, v. WILLIAM HILL, *Defendant*, THE STATE OF WASHINGTON, *Respondent*.[1]

DIVORCE—JURISDICTION—RESIDENCE OF PLAINTIFF—CHANGE—STATUTES. Under Rem. & Bal. Code, § 984, providing that any person who has been a resident of the state for more than one year may bring an action for a divorce in the superior court of the county where he or she may reside, jurisdiction of an action, brought in the county where plaintiff was a *bona fide* resident at that time, is not lost by her change of residence to another county pending the trial.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered April 15, 1915, in favor of the defendant, dismissing an action for divorce, tried to the court. Reversed.

*Roche & Onstine*, for appellant.

*John B. White* (*Joseph B. Lindsley*, of counsel), for respondent.

PARKER, J.—This is an action for divorce. The defendant, being a nonresident of this state, was served by publication and by mailing copies of the summons and complaint to him at Calgary, Alberta, Canada; that being his last known post office address. The defendant failing to appear within the time prescribed by law therefor, and thereby being in default, the case came on for final hearing upon the

[1]Reported in 151 Pac. 268.

merits before the court, the plaintiff appearing in person and by counsel, and the state appearing by the prosecuting attorney for Spokane county. At the conclusion of the evidence, the trial judge announced his decision denying the prayer for divorce, upon the ground, as he then stated, that "This is a transitory action and when she (plaintiff) left Spokane, the court lost jurisdiction," referring to the fact, as shown by the evidence, that the plaintiff had moved from Spokane county to Pend Oreille county after the commencement of the action and before the trial. An order of dismissal was accordingly entered, reciting "that said plaintiff is not now a resident of Spokane county." From this disposition of the cause, the plaintiff has appealed to this court.

Appellant was married to the defendant in the year 1900. They have no children. It is plain from the evidence that he abandoned her without cause some five or six years before the commencement of this action, and has done nothing towards her support since then. More than one year before the commencement of this action she established a *bona fide* residence in this state, at Newport, in Pend Oreille county, where she obtained employment. She has maintained her residence in this state ever since. In September, 1914, she moved to Spokane county, where she procured employment, and, as we think the evidence shows, with a *bona fide* intention to then become a resident of that county. In November, 1914, while continuing to reside in Spokane county, she commenced this action therein by filing her complaint in the superior court, alleging abandonment and nonsupport as cause for divorce, and causing service to be made upon the defendant promptly thereafter by publication and mailing, he being a nonresident of this state. Some five weeks after the commencement of this action, she returned to Newport, in Pend Oreille county, having obtained employment there, and for present purposes we shall assume that she then again became a resident of that county. Thereafter, this cause came on for trial in the superior court for Spokane county, resulting in the order of

dismissal, from which this appeal is taken. We think these facts are fully established by the record before us. Indeed, the record as a whole leads us to believe that the learned trial court did not entertain a different view of the facts.

It seems plain that appellant is entitled to a decree of divorce in this case unless the superior court for Spokane county was correct in refusing such decree because of the change of her residence to Pend Oreille county after the commencement of the action and before the trial. Our only statute touching the matter of residence of applicants for divorce is § 984, Rem. & Bal. Code, reading as follows:

"Any person who has been a resident of the state for one year may file his or her complaint for a divorce or decree of nullity of marriage, under oath, in the superior court of the county where he or she may reside, and like proceedings shall be had thereon as in civil cases."

Now the only residence which the appellant was required by this statute to maintain for any period of time prior to the commencement of her action was her residence in the state. That might have been in several different counties and still cover a period of one year so as to perfect her right to resort to our courts for relief by way of divorce, so long as it was a *bona fide* residence. The required residence in the county may be for ever so short a time, and that simply determines the county in which she "may file . . . her complaint for divorce," in other words, commence her action. Manifestly, so far as the terms of the statute are concerned, she satisfied them when she filed her complaint in the superior court for Spokane county at the time she was a *bona fide* resident of that county. The statute does not say she shall remain in that county until final disposition of the case in order to reap the benefit of the court's jurisdiction over the case. She invoked that jurisdiction under the exact conditions the statute says she may. Surely, so long as she remains a resident of the state in any event and thereby subject to the court's process, which extends to all parts of

the state (Const., art. 4, § 6), there is no reason for reading into the statute an inferred meaning which would take away from the superior court the jurisdiction so lawfully invoked, because of her residence being changed to another county of the state. In *Waltz v. Waltz*, 18 Ind. 449, the court considered this exact question under a statute in substance the same as ours. Justice Hanna, speaking for the court in that case, said:

"The only question in this case is, whether an applicant for divorce must not only be a resident in good faith of the county at the time the application for divorce is instituted, but also at the time of the trial.

"The statute is as follows: 'Divorces may be decreed by the circuit courts of this state, on petition filed by any person who, at the time of the filing of such petition, shall have been a *bona fide* resident of the state one year previous to the filing of the same, and a resident of the county at the time of the filing such petition.' Acts 1859, 108.

"We suppose this statute does not admit of any interpretation different from its literal reading; that if the applicant was in good faith a resident, at the time named, nonresidence at the time of trial would not prevent the court from acting in the premises."

See, also, *Del Vecchio v. Del Vecchio*, 21 Pa. Dist. Rep. 564, where it was held that the removal of the plaintiff out of the state after commencement of the action and before trial, did not affect the court's jurisdiction to proceed to final judgment on the merits. We express no opinion, however, as to what our conclusion would be had appellant removed from the state before trial. There might be reasons for our courts refusing to proceed in such cases which are not present under these facts.

We conclude that the order of dismissal should be reversed. It is so ordered, and the cause is remanded to the superior court with directions to render a decree of divorce in appellant's favor.

MORRIS, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ., concur.