Nash, J.
 

 We do not concur in the opinion of the Court below. The error seems to hare originated in not ad
 
 *383
 
 verting to the difference between receiving parol testimony to impeach a judgment collaterally, and to receiving it on a motion to vacate it, made in the Court where the judgment is. In the former case it is certainly incompetent, in the latter it is competent. Upon the appeal from the judgment of the County to the Superior Court, the trial was to be had in the latter, as it was had in the former. And. if the evidence offered to his Honor was such, as would have been proper in the County Court, it ought to have been admitted by him. In the writ William F. Keaton is called the guardian
 
 ad litem
 
 of Benjamin, and the record is upon its face regular according to the course of the Court. The service of the writ appeared to have been admitted by William F. Keaton ; the Court must have then considered the infant Benjamin in Court. The fact was otherwise. According to the evidence offered, William F. Keaton never was appointed the guardian of the infant, and never consented to be so, and did not defend the action. If this was so, the judgment was in
 
 reality
 
 irregular, and contrary to the course Gf the Court. If an action had been brought to recover the property sold under it, however, evidence could not have been received to impeach it. It was the judgment of a Court having jurisdiction of the matter But, according to the fact, Benjamin F. Keaton was no party to the proceedings either by himself'or his guardian. And the judgment is void, for there can be no judgment against a person not in Court.
 
 White v. Albertson, 2
 
 Dev. 242. The question then presents itself, could the County Court set. aside this judgment at a term subsequent to that at which it was rendered, by petition or motion, and receive parol evidence to show the truth of the transaction. It appertains to every Court, as a necessary part of its functions, to set aside an irregular judgment. The ends of justice often require it.
 
 Bender
 
 v.
 
 Askew,
 
 3 Dev. 152. In that case it is stated by the Court, that the power so
 
 *384
 
 to do is not confined
 
 to the
 
 term, in which
 
 the
 
 judgment is rendered. The judgment against Bender was rendered at Jaunary term 1838, and set aside at August term 1S39. The first case presenting the question is that of
 
 Pearson v. Nesbit, 1st
 
 Dev. 135. There the judgment was obtained at Fall term 1820 and the motion, on affidavit, not filed until Fall term 1827, when the judgment was vacated, because
 
 Jesse A Pearson
 
 was both plaintiff' and defendant. In
 
 Crumpler
 
 v.
 
 Governor.
 
 1st Dev. 52, a final judgment obtained at one term of the Court, was at a subsequent one, on
 
 motion
 
 founded on affidavit, set aside for irregularity. In all these cases the motion was made in the Court, where the judgment was, and directly upon it.
 
 Tidds.Prac.61t. Bing, on Judgments
 
 21-22. It has been insisted, however, that the original
 
 case
 
 continued in Court two terms,
 
 before the
 
 judgment was entered against Benjamin Keaton, and the Court thereby recog» nised William F. Keaton as his guardian, and Benjamin was in Court. For this position the case of
 
 White
 
 v.
 
 Albertson, 3
 
 Dev. 242, was cited. The attempt there was to impeach the judgment collaterally. Judge PIenderson put it upon that ground, exclusively. It is true that the case'was in Court the time specified, and the record does speak of William F. Keaton as the guardian of Benjamin. But on motion to vacate the judgment, as irregular, the Courtis not precluded from enquiring into the truth, whether William F. Keaton was the guardian of Benjamin, and whether the latter did appear or not.
 
 Bender
 
 v.
 
 Askew, 3
 
 Dev. 152. The vacating such judgments proceeds upon the grounds, “that a judgment has been signed upon the record, which was not in fact the judgment of the Court, which the Court ought not to have given, and which the plaintiff or his attorneyknew
 
 the
 
 Court would not give or allow.” .
 

 The judgment of the Superior Court is reversed and the case remanded.
 

 Per Curiam.
 

 Ordered accordingly.