Reade, J.
 

 It is a fundamental principle, that a party must have notice of any proceeding against him before lie can be bound thereby. The defendants say they had no notice of the proceedings against them, and that therefore they are not bound.
 

 The facts are, that the defendants instituted a suit in Texas, and failed therein, and judgment was given against them for the costs. The plaintiff was sheriff in Texas, and the present claim is for his fees as sheriff in the Texas suit, and was a part of tire costs in the cause. The sheriff’s fees were not taxed by the clerk in the bill of costs, as at first made out, and were retaxed, upon motion. Notice of the motion was served upon the attorneys of the plaintiffs in that suit who afe the defendants in this.
 

 1. "Were the defendants entitled to special notice? They were the plaintiffs in the cause, and, therefore, were constructively in court all the while, to see all the proceedings from the beginning to the end. And the end is not the close- of the trial, but the complete satisfaction of, or discharge from, the judgment of the court. The sheriff’s claim was nota distinct demand, separate from that suit, but was incident to it, and is expressly stated in the ca^to be a part of the costs. And the proceeding to retax, was not a separate suit, but was a motion in that cause. It would seem, therefore, that as the defendants in
 
 this,
 
 the plaintiffs in
 
 that
 
 suit, sought the aid of the Texas court and its officers, they were bound to know what was the judgment of the court without special notice. The judgment was that they should pay the costs; the sheriff’s fees were a part of the costs: and therefore the judgment was, that they should pay the sheriff’s fees.
 
 *102
 
 And that being the judgment of the court, the failure of the clerk to make a proper memorial of it, and to tax the costs,, did not alter the judgment. And upon its being brought to the notice of the court, that its judgment was not properly-entered by the clerk, it was the duty of the court to have the record corrected, so as to make it speak the truth. It would seem, therefore, that no other court can look into the proceedings, to see whether the court ought to have rendered such a judgment; but that every other court must give faith and credit to the same, if the person, against whom the judgment is, was regularly a party to the suit; and in regard to that no question can arise in this case, because the defendants in this were the plaintiffs in that suit.
 

 But suppose this were not so, then:
 

 2. Did the defendants have notice of the motion to retax the costs?
 

 The defendants live in North Carolina, and the notice was served upon their attorneys in the Texas suit. The attorneys say that they were instructed by the defendants to see that the costs were reduced as much as possible, but they were not specially instructed in regard to the notice to retax. And the defendants insist that they ceased to be their attorneys when the trial ended, although they had not been expressly discharged. “The warrant of attorney continues until the end of the suit, and he may sue out and prosecute execution after judgment, and may receive the amount of the judgment and octets. Pending the suit, the client cannot change his attorney without leave of the court.” 1 Arch. Pr., 27. In the case of
 
 The United States
 
 v.
 
 Curry et al,
 
 6 How., 106, in which a question was made as to the validity of a citation in a writ of error, served upon the attorney in the original cause, C. J. Taney, in delivering the opinion, says: “No attorney or solicitor can withdraw his name after he has once entered it on the record, without the leave of the court. And while his name continues there, the adverse
 
 *103
 
 party has the right to treat him as the authorized attorney or solicitor, and the service of notice on him is as valid as; if served on the party himself. And we presume that no. court would permit an attorney, who .had appeared at the trial with the sanction of the party, expressed or implied, to withdraw his name after the case was finally decided. For,, if that could be done, it would be impossible to serve the citation, where the party lived in a distant country or his place of residence was unknown, and would, in every case, occasion unnecessary expense and difficulty, unless he lived at the place where the court was held. And so far from permitting an attorney to embarrass and impede the administration. of justice, by withdrawing his name after trial and ■ final decree, we think the court should regard any attempt, to do so as open to just rebuke.”
 

 In that case the affidavit of the attorney was filed, and in that it ivas stated that at the time of service of notice on him he was not the attorney, but had been paid his fee and discharged, and that he so imformed the marshal when he served the notice. Yet the notice was held to be sufficient. “ If the opposite party wish to be present at the taxation of' cost, and doubt if the other party will give him notice of it, he may obtain from the clerk oí the rules a. rule to be present at the taxation. In fair practice, however, it is; usual to give notice of taxation without being ruled to do. so.” 1 Arch. Pr, 225.
 

 It is usually entrusted to the clerk to make out the costs, and a motion to retax is in the nature of an appeal from his decision to the court; and although the opposite party may have no such right to notice, as that it can be collaterally inquired into in another court, yet it is supposed that the court in which the motion is made will see that notice is given. In the Texas court notice was served upon the attorneys in the cause, and we cannot see that there was any error. There is no error.
 

 Per Curiam. Judgment affirmed.