## CITY OF NEWBERNE *v.* JAMES W. JONES.

Where persons mutually contested the claims of each other to be regarded as Mayor &c., of a municipal corporation, and one party had brought an action in the name of the corporation, in order to test the question, *Held*, that upon the case coming by appeal to this Court, an Attorney, claiming to be counsel for the plaintiff and authorized under its seal, although perhaps appointed by the other party, had a right, even against the protest of the Attorney who brought the action and had been recognized up to that time as the Attorney upon record although without authority under seal, to have the action dismissed.

(*Day* v. *Adams, ante* 254, *Walton* v. *Suggs* Phil. 98, cited and approved).

ACTION for a penalty under a city by-law, tried before *Thomas, J.*, at CRAVEN, Spring Term 1869.

The action began by summons before a magistrate, charging the defendant with violation of a city by-law in regard to tying horses to shade trees within its limits.

The complaint set forth elaborately the right of the plaintiff to bring the action, and the answer set up as a defence, at length, the claim of other parties to be the rightful city government.

Judgment before the magistrate was given for the plaintiff; but in the Superior Court this was reversed, and the plaintiff appealed.

The manner in which the case went off in the Superior Court appears in the opinion.

*Green*, and *Seymour & Haughton*, for the respective parties.

SETTLE J. It is obvious that the purpose of this action is to obtain a decision as to the rights of the two parties who claim the powers of government in "the City of Newberne."

However desirable it may be to have the question settled, we think that we are cut off from a consideration of the merits, by a motion which has been submitted in the cause.

When the case was called, Mr. Green presented himself and claimed to be the Attorney of "The City of Newberne," insist

ing that this appeared from the record of the case now before the Court. Mr. Seymour, with whom was Mr. Haughton, moved the Court to substitute his name (Mr. Seymour's) for that of Mr. Green on the record, as Attorney for "The City of Newbern," and that he be allowed to dismiss the suit. In support of this motion Mr. Seymour produced a power of attorney under the common seal of the corporation of "The City of Newberne," authorizing him to act as attorney generally, and specially directing him to take steps to dismiss this suit.

Mr Green cited several authorities as to the rights and duties of an attorney of record, and called our attention particularly to *Day* v. *Adams*, *ante* 254, and to *Walton* v. *Sugg*, Phil. 98, but we think that the principle of those cases does not apply to the case before us.

It is admitted that after an attorn ey has entered an appearance and has been recognized by the Court as attorney in the cause, no written authority can be required of him at a subsequent time. But this evidently means that the opposite party shall not call in question his authority, unless he does so within the time, and in accordance with the provision of the statute.

It is also true that after such appearance and recognition an attorney cannot quit the cause or be discharged by his client, without leave of the Court. But this proposition is based upon the idea that there had once been a privity between the client and his attorney. It would be strange, indeed, if a plaintiff should not be permitted to dismiss a suit prosecuted in his name, and at his risk, which had been instituted without his knowledge or consent

The only question before us at present is, who is entitled to represent the corporation known as "The City of Newberne?"

It was formerly held that a corporation, not being capable of a personal appearance, could only appear by attorney appointed under the common seal; but this rule has been discarded, and later authorities establish the principle that a corporation may by vote, or other corporate act not under seal, appoint an agent whose acts and contracts, within the scope of his authority, will be binding upon the corporation.

The cases which establish this principle are those in which other parties have sought to fasten responsibility upon corporations; but here the trouble seems to be a domestic one, and is confined to the house of the plaintiff. The question recurs, has "The City of Newberne" by any corporate act either with or without seal, authorized the institution of this suit?

Mr. Green claims to be the attorney of record, and says that we ought not to look behind that fact. Mr. Seymour produces a general power of attorney, under the common seal of the corporation of "The City of Newberne," with special directions in regard to dismissing this suit.

In a contest between attorneys claiming to represent "The City of Newbern," we do not feel at liberty to look behind the common seal of that corporation.

The motion is allowed, and the action must be dismissed at the cost of the plaintiff.

PER CURIAM.                    Action dismissed.