R. W. MASSIE AND A. N. PIERCE ET ALS., TRADING AS MASSIE & PIERCE, v. J. W. HAINEY.

(Filed 18 March, 1914.)

1. Judgments — Court's Jurisdiction — Parties—Motion in Cause— Laches.

When a judgment rendered against a plaintiff is sought to be set aside by him on the ground that the action had been brought by one assuming to act for him without authority, and objection is raised to the jurisdiction of the court, relief may be obtained by motion in the cause at the same or a subsequent term of the court, provided there has been no laches or other interfering principle; and where the plaintiff has made such motion upon the ground stated, and offers affidavits to that effect in support of his motion, with allegations tending to show that he has received no benefits from the action and has not in any manner waived his rights to the relief sought, it is error for the judge to refuse to consider the evidence in support of the motion and hold that the remedy was by independent suit.

2. Same—Excusable Neglect—Interpretation of Statutes.

The statute requiring that proceedings to set aside a judgment obtained by reason of surprise, excusable neglect, etc., be instituted within one year from the time of judgment entered, applies when the judgment is otherwise in all respects regular, the court having jurisdiction of the parties, and does not extend to cases where no jurisdiction has been acquired over the party moving in the cause to have it set aside.

APPEAL by plaintiffs from O. H. Allen, J., at October Term, 1913, of SAMPSON.

Cause heard on motion to set aside judgment. On the hearing it was properly made to appear that, heretofore, in 1908, an action of claim and delivery was instituted in the cause in the name of plaintiffs and by their agent, one D. A. Shaw, against defendant, and certain personal property was seized therein by the sheriff, and, at the return or trial term, towit, in May, 1910, no complaint in the action having been filed, it was adjudged that the property seized should be returned, and, in default thereof, that defendant recover on the bond of plaintiff in the sum of $1,000, signed by D. A. Shaw, said agent, etc.

No property having been found, at July Term, 1912, a jury was impaneled, and, the value of the property having been assessed at $500, there was judgment in favor of the defendant against the plaintiff for $1,000, the penalty of the bond to be discharged on payment of $500 and costs, etc.

At August Term, 1913, on notice issued, plaintiffs moved to set aside said judgment, setting forth the grounds of the motion in terms as follows:

1. None of the members of said former firm of Massie & Pierce were properly made parties to such proceedings.

2. The acts of one D. A. Shaw, by which he attempted to make the members of said firm parties plaintiffs in said action, was without authority from said firm or any member thereof.

3. D. A. Shaw, who purported to sign the prosecution and the claim and delivery bonds for and in behalf of the said former firm, did not at the time of signing said bonds, or at any prior time thereto, have any authority from the said firm of Massie & Pierce, or from any member thereof, to sign any bonds which would be binding upon said firm or any member thereof.

4. The said former firm of Massie & Pierce has never, nor have any of the individual members of said former firm ever, received any portion of the property purported to have been seized by the sheriff of Sampson County in the claim and delivery proceedings heretofore issuing from the Superior Court of said county.

5. The said former firm of Massie & Pierce has never, nor have any of the individual members of said former firm ever, by any word, acts, or deeds, ratified or confirmed the acts of the said D. A. Shaw in attempting to bind them or either of them in the institution of said proceedings in their name, or in the signing of their name to any bond or bonds.

6. No member of said former firm of Massie & Pierce ever had any notice of the institution of said suit against the defendant, J. W. Hainey, or of any judgments rendered therein until 13 August, 1913, when certain orders and other papers, looking to the enforcement of a purported final judgment, were served

upon R. W. Massie and W. T. Bowen, two members of the former firm, named as parties plaintiffs in said proceeding.

7. No counsel purported to represent the said former firm of Massie & Pierce in said proceeding, and if any counsel had purported so to act, it would have been without authority from and in no way binding upon the said firm or any member thereof," and offered affidavits tending to establish the facts as suggested in the written motion.

The court being of opinion that if any remedy was open to plaintiffs it was by an independent action, denied the motion and entered judgment thereon as follows:

"This cause coming on for hearing upon written motion of the plaintiffs, duly made and served, to set aside judgment heretofore rendered in this action against plaintiffs, and the court being of the opinion that, inasmuch as the record is regular and shows that the plaintiffs were parties to this action, that a motion in the cause is not the proper remedy, and that an independent action to set aside said judgment is the only remedy available to the plaintiffs:

"It is thereupon considered and adjudged that plaintiffs' motion be and the same is overruled and disallowed, and that the cost of said motion be taxed by the clerk against the plaintiffs."

Thereupon plaintiffs, having duly excepted, appealed.

*Rose & Rose for plaintiff.*
*Faison & Wright for defendant.*

HOKE, J., after stating the case: There are several decisions of this Court in support of the position that a final judgment terminating a cause may not be vacated or materially altered at a subsequent term except by an independent action; a principle more especially insistent where the judgment has been in whole or in part performed, as in *England v. Garner,* 84 N. C., 213; but this must ordinarily be understood in reference to cases where it is sought to disturb the judgment by reason of facts *dehors* the record and affecting the substantial rights of the parties as between themselves. Even in cases of fraud, where the general principle is more frequently instanced, it has been held

not to apply when the facts only tended to establish a fraudulent imposition on the court in procuring the judgment. *Roberts v. Pratt,* 152 N. C., 731. In that case the defendant was endeavoring to resist enforcement in this State of a judgment rendered in the courts of South Dakota, on the ground of fraudulent imposition on that court, whereby the judgment had been procured. It appeared that defendant had appeared in the South Dakota court and moved to set aside the judgment on the same ground, and the motion had been formally denied. In holding that defendant was concluded on the issue of fraud by the action of the South Dakota court in making adverse disposition of his motion, this Court said: "Courts administering justice according to course and practice of the common law would not, as a rule, entertain a proceeding to disturb a final judgment by motion made after the term in which it was rendered." To effect such a purpose a bill in equity was generally required. *Brinson v. Schultan,* 104 N. C., 410; *Mock v. Coggins,* 101 N. C., 366.

The rule stated, however, does not apply when on the face of the record, or otherwise, it was made to appear that a judgment had been entered contrary to the course and practice of the court, including also all cases where errors would be corrected by writs of error *coram nobis* or *vobis.* The scope and purpose of these writs, it seems, being the same, the former being the proper designation when the proceedings were heard in the Court of King's Bench, where the monarch was presumed to be present, and the second when the matter was carried on in courts of lesser dignity, but having full jurisdiction. The power to correct errors by means of these writs was very generally regarded as inherent in common-law courts of general jurisdiction; and wherever it formerly prevailed the same results may be obtained in modern practice by means of a motion. In systems like ours, where the law and equity are combined and relief administered in one and the same jurisdiction, the power is universally exercised, and, when not regulated by statute, there is a disposition and tendency to extend its scope and application.

*Brinson v. Schultan, supra; Craig v. Wroth,* 47 Md., 281; 5 Enc. Pl. and Pr., pp. 27, 28, 30; 7 Enc. U. S. Supreme Court Rep., 592.

In 7 Enc. S. C. R., it is said: "It is believed to be the settled modern practice that in all instances in which irregularities could formerly be corrected upon a writ of error *coram vobis* or *audita querela,* the same objects may be effected by motion to the courts as a mode more simple, more expeditious, and less fruitful of difficulty and expense."

It may be well to note that the authority referred to in this citation, erroneously stated as *Brinson v. Schultan,* 104 N. C., should be *Bronson v. Schulten,* 104 U. S., 410, and an examination of that case will be found in general support of the position as stated.

Under our former system, these writs referred to had recognized place (*Williams v. Edwards,* 34 N. C., 118, and *Tyler v. Morris,* 20 N. C., 487), and there is direct authority elsewhere for the position that they afforded the proper method for obtaining relief when a judgment had been rendered against a party without notice. *Holford v. Alexander,* 12 Ala., 280; *Wyme v. The Governor,* 9 Tenn., p. 149; *Jeffrey v. Fitch,* 46 Conn., 601. As we have just seen, relief in such cases is now obtained by motion in the cause, as being the more simple and expeditious remedy, and, accordingly, it is now very generally held that, where a court has entered judgment against a party without having acquired jurisdiction, either by failure to serve process upon him or because of the institution of a suit entirely without authority, relief may be obtained by motion in the cause at the same or subsequent term, provided there has been no laches or other interfering principle. If this lack of jurisdiction appears of record, the judgment may be treated as a nullity when and wherever relied upon; but in most instances, and this is true where a party, though without authority, appears of record as plaintiff, it is both desirable and necessary that relief should be obtained by direct proceedings, the appropriate method, under our present system, being as stated, by motion in the cause. *Rackley v. Roberts,* 147 N. C., 201; *Flowers v. King,*

MASSIE v. HAINEY.

145 N. C., 234; *Grant v. Harrell,* 109 N. C., 78; *Sutton v. Schonwald,* 86 N. C., 198; *Yeargin v. Wood,* 84 N. C., 326; *Doyle v. Brown,* 72 N. C., 393; Black on Judgments, sec. 307.

In *Doyle v. Brown* it was held, as more directly relevant to the question presented: "If a record shows one to be plaintiff when in fact he was not, it stands as where the record shows one to be defendant when he was not. In both cases the record stands till corrected by direct proceedings for the purpose."

In the present case the affidavits offered by the plaintiffs tended to show that the suit in which defendant had obtained a judgment against them had been instituted without authority, and that they had never in any way profited by the judgment nor done anything to ratify it, and, under the authorities cited and on motion properly entered, his Honor should have considered the evidence offered and rendered decision upon it.

We are not inadvertent to the position also suggested in plaintiff's motion, that the judgment was obtained against them by reason of surprise, excusable neglect, etc., and that under the statute an application of this character must be preferred within one year from the time of judgment entered. But the statute and the limitations established by it are properly held to apply when the judgment is otherwise in all respects regular, the court having jurisdiction of the parties, and does not extend to cases where no jurisdiction has ever been acquired over the moving party. *Calmes v. Lambert,* 153 N. C., 248.

For the error indicated, the judgment will be set aside and the cause remanded, that the same may be further considered.

Error.