## In re KATHERINE LEE GIBSON.

(Filed 2 December, 1942.)

1. **Habeas Corpus § 3—**

    *Habeas corpus* is not available for divorced parents to determine the custody of their children.

2. **Attorney and Client § 8—**

    A party litigant cannot discharge his counsel of record and withdraw from the case, without notice to the opposing side and approval of the court.

3. **Attorney and Client §§ 7, 8—**

    No attorney or solicitor can withdraw his name, after he has once entered it on the record, without leave of the court. And while his name continues there, the adverse party has a right to treat him as the authorized attorney or solicitor, and the service of notices upon him is as valid as if served on the party himself.

4. **Divorce § 19—**

    Accordant with the general rule, it is held in Florida that, where an action for divorce is brought by a resident against a nonresident, a divorce may be granted the nonresident on a cross-bill, albeit the local statute, in general terms, requires plaintiff in an action for divorce to have been a resident of the State for a designated period.

APPEAL by respondents, L. E. Holler and Alma Lee Gibson, from *Phillips, J.,* in Chambers at Rockingham, 12 September, 1942. From RICHMOND.

Petition for writ of *habeas corpus* to determine the custody of Katherine Lee Gibson, infant daughter of petitioner and Alma Lee Gibson.

The petitioner, W. E. Gibson, and the *feme* respondent were married on 12 March, 1933, and lived together as husband and wife until

6 August, 1940, when they separated. Thereafter, the petitioner moved to the State of Florida and instituted an action for divorce against his wife, and for the custody of his child, alleging in his complaint that he was a resident of Florida and his wife a resident of North Carolina. The complaint in said action was filed in the Circuit. Court of Florida, Lake County, on 4 December, 1941, and was signed by James W. Smith, Jr., solicitor for plaintiff. While Alma Lee Gibson was not personally served with summons in this action, she voluntarily appeared and filed answer in January, 1942, denied that the plaintiff was entitled to a divorce, and asked for the custody of their minor child. A hearing was held before the circuit judge on 20 March, 1942, at which time the judge awarded the temporary custody of the minor child in question to Alma Lee Gibson, who immediately thereafter returned to North Carolina, bringing the said Katherine Lee Gibson with her, and neither she nor her daughter has ever returned to Florida.

On 6 April, 1942, W. E. Gibson returned to North Carolina and re-established his legal residence in Richmond County, since which time he has not returned to the State of Florida.

On 18 June, 1942, counsel for Alma Lee Gibson in Florida, after notice to counsel of record for plaintiff and after obtaining leave of the court, filed in the action therefore brought by W. E. Gibson against Alma Lee Gibson in the Circuit Court of Florida, Lake County, a "Cross-Bill and Amendment to Answer," in which she set up a cross action for divorce and asked for the permanent custody of Katherine Lee Gibson. On 13 July, 1942, a final decree was entered in favor of the defendant, granting her a divorce and awarding her the permanent custody of her minor child.

It was adjudged in the court below that this Florida decree was void for want of notice to the plaintiff in the action. W. E. Gibson testified that he released and discharged his counsel on 20 March, 1942, since which time he has had no representative in the State of Florida.

There were other findings upon which the custody of Katherine Lee Gibson was awarded to the petitioner for nine months in the year, during the school term, and to the *feme* respondent for three months in the year, during school vacation.

From this order, the respondents, Alma Lee Gibson and her father, L. E. Holler, appeal, assigning error.

*McLeod & Webb and J. C. Sedberry for petitioner, appellee.*
*P. C. Froneberger for respondents, appellants.*

Stacy, C. J.   The case turns on the validity of the final decree entered in the Circuit Court of Florida on 13 July, 1942. If this decree be

void, the petitioner and his wife are living in a state of separation, without being divorced, and *habeas corpus* will lie under C. S., 2241, to determine the custody of their minor child. But if this Florida decree be valid, the petition must fail, for as to divorced parents *habeas corpus* is not available to determine the custody of their children. *In re Ogden,* 211 N. C., 100, 189 S. E., 119, and cases there assembled.

We think there was error in holding on the facts of the present record that the decree of the Florida court is void. It is true, there is allegation and finding to the effect that W. E. Gibson discharged his Florida counsel on 20 March, 1942, and that he had no notice of the subsequent proceedings in the Florida action. Even so, there is no suggestion of any notice to the opposing side or to the court of Mr. Smith's discharge, or of his withdrawal from the case. He was still counsel of record during all of the subsequent proceedings. Indeed, it would seem that he was not aware of his discharge, for on 22 June, 1942, he wrote a letter to Mrs. Gibson's Florida attorney, saying: "I have received the copies of the two notices and pleadings in the above case (*Gibson v. Gibson*). I am writing my client about this matter, and if I do not get definite instructions from him . . . you may go ahead and obtain a final decree."

It is the established practice in courts of chancery that notice to counsel of record in an action is notice to the party. *Ladd v. Teague,* 126 N. C., 544, 36 S. E., 45.

Speaking to the subject in *U. S. v. Curry,* 47 U. S., 106, Chief Justice Taney, delivering the opinion of the Court, said: "No attorney or solicitor can withdraw his name after he has once entered it on the record without the leave of the court. And while his name continues there, the adverse party has a right to treat him as the authorized attorney or solicitor, and the service of notice upon him is as valid as if served on the party himself."

It follows, therefore, as the petitioner is deemed to have had notice of all that transpired in the Florida proceeding, he will not now be heard collaterally to say otherwise. He invoked the jurisdiction of the court of his then alleged domicile. It is but meet that he should be bound by its decree. *McIntyre v. McIntyre,* 211 N. C., 698, 191 S. E., 507.

Accordant with the general rule, it is the holding in Florida that where an action for divorce is brought by a resident of that State against a nonresident, a divorce may be granted the nonresident on his or her cross-bill, albeit the local statute, in general terms, requires the plaintiff in an action for divorce to have been a resident of the State for a designated period of time. *Krumrine v. Krumrine,* 90 Fla., 368, 106 So., 131; Annotation, 89 A. L. R., 1203; 17 Am. Jur., 287. The basis of the ruling is, that when equity once takes hold of a matter it pursues it

to the end in adjustment of the rights of all the parties. *McCormick v. Proctor*, 217 N. C., 23, 6 S. E. (2d), 870 (concurring opinion and authorities there assembled). "The court having obtained jurisdiction of the subject matter by reason of the complainant's residence and jurisdiction of the defendant by reason of her appearance in the cause, the power to render a decree dissolving the bonds of *matrimony* between them was complete." *Krumrine v. Krumrine, supra.*

Matrimony is a status, and it is this status which the plaintiff sought to have dissolved in the Florida court. The fact that he failed in his suit did not defeat the jurisdiction of the court to entertain the cross-bill of the defendant. Annotation, 89 A. L. R., 1209; 9 Ann. Cas., 1200; 17 Am. Jur., 288. Nor did his removal from the state before final decree deprive the court of its jurisdiction. *Waltz v. Waltz*, 18 Ind., 449; 27 C. J. S., 637-638.

The order entered on the writ of *habeas corpus* will be vacated and the petition dismissed.

Error and remanded.