## SPRING TERM, 1950

HERBERT B. HENDERSON v. CAROLYNE RICH HENDERSON.

(Filed 3 May, 1950.)

**1. Divorce § 4—**

That plaintiff in an action for divorce on the ground of two years separation should have lived separate and apart from his spouse for two years and should have resided in the State of North Carolina for a period of one year prior to the commencement of the action are jurisdictional requirements, and a decree on this ground is void if either of these requirements is lacking. Chap. 72, Public Laws of 1931, as amended by Chap. 163, Public Laws of 1933; Chap. 100, Public Laws of 1937 (G.S. 50-6).

**2. Judgments § 25—**

A judgment obtained by means of fraud upon the jurisdiction of the court may be attacked by motion in the cause.

**3. Same: Attorney and Client § 3—**

Nothing else appearing, an attorney of record continues in this relationship to the client not only until the rendition of final judgment but also so long as the opposing party has the right, by statute or otherwise, to challenge the validity of the judgment, and therefore such attorney may be served with notice of motion in the cause to set aside the judgment on the ground of fraud upon the jurisdiction of the court, and such notice is notice to the party. G.S. 1-586.

**4. Divorce § 22: Judgments § 26—**

It appeared from the findings of the court that plaintiff obtained decree of divorce by fraud upon the jurisdiction of the court, that thereafter plaintiff continued to live with defendant as husband and wife and concealed from defendant information as to the divorce decree for over five

1—232

years, and that defendant moved to set aside the decree within two years after knowledge that it had been rendered. *Held:* Defendant's right to move in the cause to set aside the divorce decree on the ground of fraud perpetrated upon the jurisdiction of the court is not barred by laches.

APPEAL by plaintiff from *Patton, Special Judge,* at 28 November, 1949, Extra Civil Term of MECKLENBURG.

Civil action for divorce from the bonds of matrimony existing between plaintiff and defendant on the grounds of two years separation,—heard upon motion of plaintiff made upon special appearance to set aside an order theretofore entered setting aside the judgment of divorce.

The record on this appeal discloses these basic facts:

Plaintiff, Herbert B. Henderson, instituted an action against defendant, Carolyne Rich Henderson, on 7 January, 1942, in Superior Court of Mecklenburg County, North Carolina, to dissolve the bonds of matrimony existing between them. In the complaint, verified by plaintiff, and signed by "L. P. Harris, attorney for plaintiff" and filed the same day, it is alleged that plaintiff and defendant were married to each other 15 April, 1938, in Jersey City, New Jersey; that the plaintiff had been a resident of Mecklenburg County, North Carolina, for more than one year next preceding the filing of the complaint; and that defendant, on or about 10 November, 1939, in pursuance of a mutual agreement, separated from plaintiff, and that they have lived separate and apart from each other for more than two years next preceding the filing of the complaint.

The summons, having been returned by the sheriff of Mecklenburg County, 7 January, 1942, endorsed "After due and diligent search the defendant Carolyne Rich Henderson is not to be found in Mecklenburg County," service of notice of summons and complaint was made by publishing notice in a newspaper published weekly in the city of Charlotte in said county.

And at May Term, 1942, the action was tried before a jury, and upon verdict on appropriate issues, judgment for absolute divorce was entered under date of 18 May, 1942.

Thereafter on 27 May, 1949, defendant Carolyne Rich Henderson, pursuant to provisions of G.S. 1-220, filed a motion in the cause, supported by affidavits and exhibits, to set aside said judgment of divorce, on the ground, summarily stated, that it was procured by means of fraud perpetrated upon the court by plaintiff, in that at the time of the institution of the action plaintiff was not a resident of North Carolina and had not resided in the State one year next preceding, and in that he and she had not separated, but from date of their marriage, 22 April, 1938, at Jersey City, New Jersey, until March, 1947, had been living together as husband and wife, save and except the involuntary separation during

time plaintiff was in the Army of the United States, all as set forth in detail.

Notice of this motion, dated 27 May, 1949, and addressed to "Herbert B. Henderson, plaintiff, and Leon P. Harris, plaintiff's attorney of record," given pursuant to G.S. 1-586, was served on 30 May, 1949, by the sheriff of Mecklenburg County, delivering a copy of same and of the motion to Leon P. Harris, attorney. In the notice so served plaintiff was notified that defendant would ask that the motion be heard by the Judge Presiding at the May 30th, Extra Civil Term of Superior Court of Mecklenburg County, N. C., on 6 June, 1949, at 10 o'clock a.m., or as soon thereafter as counsel could be heard by the court.

When the motion came on for hearing at 13 June Extra Civil Term of Superior Court of Mecklenburg County, before McSwain, Judge Presiding, and being heard on 16 June, 1949, the court found these facts:

"That the above action was instituted by the plaintiff against the defendant under date of January 7, 1942, asking for a divorce absolute between the above named plaintiff and above named defendant wherein the plaintiff alleged that he and the defendant had been separated for more than two years immediately prior to the institution of the above entitled action; that service of summons was obtained upon the defendant by publication, and that under date of May 18, 1942, the Judgment was signed in said cause by the Honorable Sam J. Ervin, Judge Presiding over the Mecklenburg County Superior Court for the State of North Carolina.

"The court further finds that the above named plaintiff filed the statutory affidavit to his Complaint in which affidavit the plaintiff stated under oath that he had been a resident of North Carolina for more than one year immediately prior to the institution of the above entitled action; that at the time the action was filed and up until the 28th day of June, 1947, the above named defendant had no actual knowledge of the institution of the above action for a divorce absolute; that at the time service was made by publication, the above plaintiff knew where the defendant was living but that no substitute service other than publication was attempted by the plaintiff.

"The court further finds that the above named defendant employed counsel for the purpose of having the Judgment of May 18, 1942, set aside on account of fraud and for other reasons and that a motion to set aside said Judgment together with supporting affidavits was filed in the office of the Clerk of Superior Court of Mecklenburg County under date of May 17, 1949, and that thereafter, on the 30th day of May, 1949, a copy of said motion was served upon L. P. Harris, Esq., Attorney of Record in the above cause for the plaintiff, said motion notifying the plaintiff that said matter would be heard before the Honorable Luther

Hamilton, Judge Presiding over the May 30, 1949, Extra Civil Term of Mecklenburg County Superior Court; that due to the pending cases the motion was continued and during the continuance of said motion the Attorney of Record for the plaintiff was furnished with the last known business and office address of the above named plaintiff and that the said attorney was notified in ample time that the motion would be heard before the undersigned Judge during the June 13, 1949, Extra Civil Term of Superior Court.

"That L. P. Harris, Esq., attorney for the above named plaintiff, advised the court that he had, upon receipt of the address of the above named plaintiff furnished to him by the attorneys for the defendant, notified the above named plaintiff at his last known address of the filing of such motion and the hearing to be heard thereon, but that he had heard nothing from said plaintiff.

"That the court finds as a fact that the plaintiff was inducted into service from the State of New York on March 11, 1941, and that the plaintiff had been a citizen and resident of the State of New York immediately prior to the time he was inducted into military service; that the plaintiff was assigned to Camp Lee, Virginia, on June 12, 1941, where he remained until on or about September 15, 1941, and was thereupon assigned to Fort Bragg, North Carolina, on or about September 15, 1941, where he remained in the military service until on or about November 14, 1941, at which time the plaintiff was discharged and became a resident physician at the North Carolina Sanatorium from December 1941, until March, 1942; that when the plaintiff instituted his action for divorce against the defendant on the 7th day of January, 1942, he was not a resident of the State of North Carolina for more than one year immediately prior to said date of January, 1942, and that his affidavit attached to the Complaint in the above cause was false and is a fraud upon the courts of the State of North Carolina.

"That the court finds as a fact that at the time the plaintiff was inducted into the military service he was living with the defendant as husband and wife in New York City and that, between the time of his entry in military service and the time of his filing the action for divorce in Mecklenburg County Superior Court, the plaintiff corresponded regularly with the defendant, promised to send her money, and, in fact, visited with the defendant. All such acts occurred within one year from the date the plaintiff filed his action for divorce against the defendant; that the plaintiff and the defendant had not lived separate and apart continuously for more than two years immediately prior to the institution of the above action for divorce and that the allegations contained in the plaintiff's Complaint pertaining to separation were false, and resulted in a fraud being perpetrated upon the courts of North Carolina.

"That the court finds as a fact that, after the plaintiff obtained the purported divorce of May 18, 1942, the plaintiff did thereafter continue to live with the defendant, sent her money, paid her transportation out to the State of California where they lived together as husband and wife until the plaintiff went overseas; that while the plaintiff was overseas, he wrote the defendant numerous letters in which he stated his love for the defendant, sent her money, and held out to the defendant a promise for a home and happiness upon his release from military service; that, when the plaintiff was released from military service in January 1946, the plaintiff and defendant lived together as husband and wife at Roanoke, Virginia, from about June 1946, until about March 1947, at which time on March 18, 1947, the plaintiff informed the defendant that he was in love with another woman and that he had divorced the defendant but would not give her information as to the time and place of the divorce action; whereupon the defendant instituted a suit for separate mainte-nance on March 20, 1947, in the Hustings Court for the City of Roanoke, Virginia. When the separate maintenance action was filed, the plaintiff recognized that he and the defendant were husband and wife and that the defendant would receive from the plaintiff certain money and other considerations in the settlement of property rights; and the contract of May 25, 1947, (?) was approved by a decree entered in the Hustings Court for the City of Roanoke, Virginia, on May 3, 1947.

"That the court finds as a fact that the plaintiff left shortly thereafter for the State of California and refused to comply with the alimony payments as the same were set forth in the contract of March 25, 1947; and it became necessary for the defendant to institute suit in the State of California for the enforcement of the alimony payments; and in defense of the suit the plaintiff for the first time pleaded in bar the North Carolina purported divorce of May 18, 1942.

"That the court finds as a fact that the plaintiff has set about upon a course of conduct to mislead and perpetrate a fraud upon the courts of the State of North Carolina by a false affidavit pertaining to residence and the false allegations contained in his Complaint relating to two years' separation; and the plaintiff, after procuring the purported divorce, con-tinued to live with his lawful wife, recognized the defendant as his lawful wife on March 25, 1947, at the time the aforesaid contract was entered into; and the plaintiff has misled and perpetrated a deliberate fraud upon the defendant in attempting to obtain a divorce and in living with her thereafter."

And, thereupon, the court (McSwain, J.) adjudged and decreed (1) that the judgment signed by his Honor, Sam J. Ervin, under date of 18 May, 1942, was procured through fraud on the part of plaintiff,— constituting a fraud upon the court, and also the plaintiff's attorney of

record; and (2) that the judgment be and it is set aside and declared to be void and of no effect.

Thereafter, on 16 November, 1949, plaintiff, by and through his attorney, Frank H. Kennedy, entered "a special appearance herein, solely for the purpose of making this motion, and, upon such appearance, shows unto the court . . .": After reciting the facts as to the institution of the action and judgment of divorce, and as to the filing of motion by defendant to set aside the judgment for fraud, and as to the order setting aside, and declaring the judgment void,—that plaintiff moved the court to vacate and set aside the order setting aside the said judgment, and to reaffirm the judgment of absolute divorce, upon the ground:

"That the plaintiff had no notice of the motion filed by defendant to set aside said judgment, and that he received no notice of the hearing, and that the plaintiff did not know until August of 1949 that the judgment of divorce had been set aside; that Attorney L. P. Harris represented the plaintiff in his action for divorce against the defendant, and that the defendant caused a copy of her motion to set aside said judgment to be served upon Attorney L. P. Harris on May 30, 1949, more than seven (7) years after said divorce judgment was entered, and after plaintiff's employment of said attorney in said cause had terminated; that defendant failed to notify plaintiff of the pendency of said motion by publication, as by law allowed, but relied solely upon service of a copy of said motion upon said Attorney L. P. Harris; that the plaintiff's divorce from the defendant was not obtained by fraud, and that the plaintiff has a good and valid defense to the defendant's motion to set said judgment aside."

Notice of the above motion and fixing date of hearing, to wit, 1 December, 1949, or as soon thereafter as plaintiff can be heard upon special appearance, was accepted by attorneys for defendant on 16 November, 1949, and also substituted service was made upon defendant personally on 22 November, 1949, by deputy sheriff of New York County, in State of New York.

In support of his motion, plaintiff filed an affidavit, in which, among other things, the following appears:

"That your affiant alleges that he had no notice of the motion filed on the 27th day of May, 1949, to set aside said judgment of divorce; that he received no notice of the hearing, that no communications were received by him through the United States Mail or otherwise relating to said motion, that he received no information by telephone or otherwise relating to said motion;

"That in the first week of August, 1949, your affiant was informed that the judgment of divorce entered in the above captioned court had been set aside, that this information was the first intelligence received by your

affiant relating to the motion to set aside the judgment of divorce or the order made by this honorable court relating to the motion to set aside the judgment of divorce;

"That on the 9th day of August, 1949, Van H. Pinney, Esquire, a member of the State Bar of California and one of the attorneys representing your affiant in litigation now pending in the Superior Court of the State of California in and for the City and County of San Francisco, received a copy of the notice of motion heretofore referred to and notified your affiant thereof."

(And it is noted that the affidavit makes no reference to the attorney and client relationship between plaintiff and L. P. (or Leon P.) Harris, attorney of record for plaintiff in this divorce action.)

Plaintiff also filed affidavits of others in respect of his residence, and of his relations to defendant.

The cause being heard, upon special appearance and motion to vacate order as above set forth, at 28 November, 1949, Extra Civil Term of Superior Court, the Presiding Judge, Patton, "upon examination of the pleadings and the affidavits submitted by the plaintiff and by the defendant as appear in the record, found these facts:

"1. That on the 7th day of January, 1942, the plaintiff purportedly filed a complaint and summons wherein the plaintiff sought to obtain an absolute divorce from the defendant on the ground of two years' separation; that the summons filed in the action was not dated nor signed by the Clerk of Superior Court and thereafter the plaintiff obtained an Order from the Clerk of Court for service of summons to be obtained by publication.

"2. That on the 17th day of May, 1949, the defendant filed a motion in the cause, which motion appears of record, wherein the defendant sought to set aside the decree of divorce entered in the cause on May 18, 1942; the basis of the defendant's motion being that the plaintiff had perpetrated a fraud upon the court as the same is set out in defendant's motion.

"3. At the time the divorce decree was entered on May 18, 1942, L. P. Harris was the attorney of record for the plaintiff; that when the defendant filed the motion in the cause, which motion was served by the sheriff of Mecklenburg County, N. C., upon L. P. Harris, attorney of record for the plaintiff, due notice was given to the plaintiff and the plaintiff's attorney of record that the motion would be heard on May 30, 1949, before Judge Luther Hamilton.

"4. At the time the motion was to be heard on May 30, 1949, a continuance was granted to the 16th day of June, 1949, and in the meantime the attorneys for the defendant furnished to the attorney for the plaintiff the business and home address of the plaintiff in San Francisco, Cali-

fornia, in order that the plaintiff could be notified by his attorney of the pendency of the motion.

"5. On the 16th day of June, 1949, the motion was heard before the Honorable Peyton McSwain, Judge Presiding over the June 13, 1949, Extra Civil Term of Superior Court for Mecklenburg County, N. C., at which time an Order was entered setting said judgment aside and declaring same to be void and of no effect.

"6. That on the 16th day of November, 1949, Frank H. Kennedy, attorney for plaintiff, served upon Ralph V. Kidd and Warren C. Stack, attorneys for defendant, a copy of the Notice of the Special Appearance and Motion to Vacate and, also, that a copy of the Notice was served upon the defendant by the sheriff of New York County, State of New York;

"That Ralph V. Kidd and Warren C. Stack were employed as attorneys for the defendant to resist any motion to set aside the Order of Judge McSwain and in so far as said motion is concerned are her attorneys of record; that said employment existed at the time the motion was filed and the notice served upon Ralph V. Kidd and Warren Stack as attorneys for the defendant; that Frank H. Kennedy and P. D. Kennedy were employed by the plaintiff to make the motion to set aside the Order of Judge McSwain and were at the time of the filing of said motion and have at all times since been the attorneys for the plaintiff in so far as said motion is concerned.

"7. That the defendant did not have actual knowledge of the divorce decree and the jurisdiction in which same was entered until on or about June 28, 1947.

"8. That the defendant's attorneys furnished a home and business address to the plaintiff's attorney of record, L. P. Harris, and no evidence appears in the record as to whether said home or business address so furnished was correct."

Upon these findings of fact the court concluded:

"1. That the plaintiff was given legal notice of the motion to set aside the divorce decree theretofore entered, by service of notice upon plaintiff's attorney of record.

"2. That the Superior Court of Mecklenburg County, North Carolina, on the sixteenth day of June, 1949, had jurisdiction of both the plaintiff and defendant for the purpose of hearing the motion before Judge Peyton McSwain and that the Order of Judge McSwain should be affirmed."

And, thereupon, on 9 December, 1949, the court "ordered and adjudged" "that the special appearance and motion to dismiss as filed by the plaintiff be, and the same is hereby denied and the order of Judge McSwain entered on 16 June, 1949, is to remain in full force and effect."

Plaintiff objecting and excepting to the court's findings of fact Numbers 1, 3, 4 and 7, and to the conclusions of law 1 and 2, and to the failure

of the court to make certain findings of fact, and to make certain conclusions of law requested by plaintiff, and to the failure of the court to sign order vacating the order of Judge Peyton McSwain, and to the signing of the order of 9 December, 1949, appeals to the Supreme Court, and assigns error.

*Frank H. Kennedy and P. Dalton Kennedy, Jr., for plaintiff, appellant.*
*Ralph V. Kidd and Warren C. Stack for defendant, appellee.*

WINBORNE, J. Confining consideration of this appeal within the bounds of the express terms of the motion of plaintiff, made on special appearance, as hereinabove quoted, decision here is determinable upon the answer to this question: Is the notice of the motion made by defendant in May 1949 to set aside the judgment of divorce entered in May 1942 and served on the attorney of plaintiff of record in the action, notice to plaintiff? The judge from whom appeal is taken was of opinion, and held that it was. And, in the light of the purpose of the motion so made by defendant, and of the grounds on which it is based, and upon the findings of fact made by the judge on hearing of the motion, we concur.

In this connection, the purpose of the motion of defendant was to set aside the judgment of divorce upon the ground that plaintiff had procured it by fraudulent imposition on the court. In this State at the time the action was instituted by plaintiff, marriages might be dissolved and the parties thereto divorced from the bonds of matrimony on the application of either party, if and when the husband and wife have lived separate and apart for two years, and the plaintiff in the suit for divorce had resided in the State for a period of one year. P.L. 1931, Chapter 72, as amended by P.L. 1933, Chapter 163, and P.L. 1937, Chapter 100. Under this statute, in order to maintain an action for divorce, the husband and wife shall have (1) lived separate and apart for two years; and (2) the plaintiff, husband or wife, shall have resided in the State of North Carolina for a period of one year. These two requirements are jurisdictional. *Oliver v. Oliver,* 219 N.C. 299, 13 S.E. 2d 549; *Young v. Young,* 225 N.C. 340, 34 S.E. 2d 154; *Sears v. Sears,* 92 F. 2d 530. If either one or the other of these elements were not existent, the court would not have jurisdiction to try the action, and to grant a divorce. And if the court has no jurisdiction over the subject matter of the action, the judgment in the action is void. A void judgment is one which has a mere semblance, but is lacking in some of the essential elements which would authorize the court to proceed to judgment. *Harrell v. Welstead,* 206 N.C. 817, 175 S.E. 283; *Monroe v. Niven,* 221 N.C. 362, 20 S.E. 2d 311.

Moreover, if a judgment be obtained by means of a fraud practiced upon the court, the question may be raised by motion in the cause. McIntosh N. C. P. & P., 745, Judgments, Sec. 656. *Roberts v. Pratt,* 152 N.C. 731, 68 S.E. 240; *Massie v. Hainey,* 165 N.C. 174, 81 S.E. 135; *Cox v. Boyden,* 167 N.C. 320, 83 S.E. 246; *Young v. Young, supra;* *King v. King,* 225 N.C. 639, 35 S.E. 2d 893; *Ledford v. Ledford,* 229 N.C. 373, 49 S.E. 2d 794.

It is the established practice in court actions in this State that a notice of a motion to set aside a judgment may be served on the attorney of record of the opposing party, and that notice to such attorney in an action is notice to the party. *Walton v. Sugg,* 61 N.C. 98; *Branch v. Walker,* 92 N.C. 87; *In re Gibson,* 222 N.C. 350, 23 S.E. 2d 50. See also *United States v. Curry,* 6 How. 106, 12 L. Ed. 363.

Therefore, in keeping with the established practice in such cases, it would seem that, since L. P. Harris was the attorney of record for plaintiff, nothing else appearing of record, notice of defendant's motion to set aside the judgment of divorce entered in the action might be served upon him, and that notice so served is notice to plaintiff.

But the question now arises as to when the relation of an attorney of a party to the action ceases.

In this connection, it is noted that a party may appear either in person or by attorney in actions or proceedings in which he is interested. G.S. 1-11. And while an attorney who claims to enter an appearance for any party to an action may be required to produce and file a power or authority as provided in G.S. 84-11, it is held by this Court that after an attorney has entered an appearance and has been recognized by the court as the attorney in the cause, the opposite party may not call in question his authority. *New Bern v. Jones,* 63 N.C. 606.

And, speaking to the subject in the case of *United States v. Curry, supra,* the Supreme Court of the United States, in an opinion by *Chief Justice Taney,* had this to say: "No attorney or solicitor can withdraw his name after he has once entered it on the record without the leave of the court. And while his name continues there the adverse party has a right to treat him as the authorized attorney or solicitor, and the service of notice upon him is as valid as if served on the party himself." This principle has been quoted and applied in the cases of *Walton v. Sugg, supra; Branch v. Walker, supra,* and *In re Gibson, supra.* See also *Allison v. Whittier,* 101 N.C. 490, 8 S.E. 338; *Coor v. Smith,* 107 N.C. 430, 11 S.E. 1089.

Moreover, it is uniformly held in this State that after an attorney has been admitted by the court to represent a party to an action, he cannot, unless with the consent of the court, be discharged before the end of the suit. *Walton v. Sugg, supra; Rogers v. McKenzie,* 81 N.C. 164; *Branch*

*v. Walker, supra; Ladd v. Teague,* 126 N.C. 544, 36 S.E. 45; *Roediger v. Sapos,* 217 N.C. 95, 6 S.E. 2d 801; *In re Gibson, supra.* See also *United States v. Curry, supra.*

And, "It may be said, generally, that the relation of counsel to the action does not cease, in any case, until the judgment in the court where it is pending is consummated, that is, made permanently effectual for its purpose as contemplated by law," *Merrimon, J.,* in *Branch v. Walker, supra.* See also *Walton v. Sugg, supra; Ladd v. Teague, supra; In re Gibson, supra; Allison v. Whittier, supra.*

Too, the rule may be stated in this general way: The relation of the attorney of record to the action, nothing else appearing, continues so long as the opposing party has the right, by statute or otherwise, to challenge the validity of the judgment.

Therefore, in the light of this principle, applied to the case in hand, it is held that the relation of L. P. Harris, as attorney of record for plaintiff, did not terminate upon the rendition of the judgment of divorce, but it continued, nothing else appearing, so long as defendant has the right to move in the cause to have the judgment set aside on the ground of fraud upon jurisdiction of the court, and to have the motion heard and finally determined.

Even so, it is the contention of appellant that defendant has been guilty of laches in asserting whatever rights she may have had, and was, therefore, barred of such right at the time she moved in the cause to set aside the judgment of divorce.

In this connection, comment is made in 154 A.L.R. 818, that although the principle is that, upon proper showing being made, a court of equity may give relief from a judgment even after the expiration of the term, this presupposes that the party applying for the relief was not guilty of laches. And further statement is there made that "the doctrine of the finality of judgments and its corollary which prohibits the opening or vacating of a judgment after the expiration of the term at which it was rendered, however, presupposes the validity of the judgment, the jurisdiction of the court over the subject matter and the parties, and the competency of the court to render the judgment in question. Consequently, it is recognized by almost the unanimous consensus of judicial authority that the doctrine and its corollary have no application to void judgments such as judgments rendered by a court having no jurisdiction over either the subject matter of the action or the parties, or both, . . . and that such judgments may be opened or vacated by the court rendering them on motion made at any time, even after the expiration of the term at which they were rendered, or after the expiration of the period allowed by statute for opening or vacating judgments on certain grounds," citing

*Keaton v. Banks,* 32 N.C. 381; *Wolfe v. Davis,* 74 N.C. 597, and *Massie v. Hainey, supra.*

But because of judicial respect for the finality of judgments and the resulting reluctance to interfere with judgments, it is said that "Courts in many instances refuse to exercise their power to open or vacate a judgment where it does not appear that the applicant acted with reasonable diligence. Under this rule, unexplained laches on the part of the applicant is deemed sufficient ground for refusing relief to which he might otherwise be entitled. What constitutes laches sufficient to deprive an applicant of his right to relief is impossible of dogmatic definition. The decisions vary widely, since there must be taken into consideration not only the period of the delay but also the circumstances of the particular case. Mere delay does not necessarily constitute sufficient laches to bar relief." 31 Am. Jur. 278, Judgments, Sec. 733.

In the light of these principles, it is seen from the findings of fact (1) that in obtaining the judgment of divorce 18 May, 1942, plaintiff practiced a fraud upon the jurisdiction of the court; (2) that after obtaining the judgment, plaintiff continued to live with defendant as husband and wife, and concealed from her information as to the divorce judgment until 28 June, 1947; (3) that defendant had no knowledge of the divorce action until that date; and (4) that she moved to set aside the judgment in May, 1949.

Therefore, it is apparent that defendant acted within a reasonable time, after obtaining information of the judgment, and is not guilty of laches, which would bar her right to have the judgment set aside as void.

Indeed, it is appropriate to note that in this State the period prescribed by statute for the commencement of actions for relief on the ground of fraud is three years—the cause of action not being deemed to have accrued until the discovery by the aggrieved party of the facts constituting the fraud. G.S. 1-46 and G.S. 1-52.

Moreover, all assignments of error, material to the motion of plaintiff, made on special appearance, have been given consideration, and fail to show cause for disturbing the decision reached in the court below.

Hence the judgment there is

Affirmed.