JAMES ANTHONY CALDON, Plaintiff,
v.
CYNTHIA E. COBURN CALDON, Plaintiff Intervenor,
v.
ELIZABETH DENISE CALDON, Defendant.
No. COA08-260
Court of Appeals of North Carolina
Filed November 18, 2008
This case not for publication
No brief filed by Plaintiff Intervenor.
Lisa W. Reynolds, P.C., by Lisa W. Reynolds, for Defendant.
McGEE, Judge.
James Anthony Caldon (Plaintiff) and Elizabeth Denise Caldon (Defendant) were married on 31 May 1980. The marriage became strained and, following failed attempts to reconcile, Plaintiff filed a pro se complaint seeking an absolute divorce from Defendant on 10 March 1993. Plaintiff based his complaint upon the provisions of N.C. Gen. Stat. § 50-6, which required that immediately prior to the filing of a complaint, the parties must have lived separate and apart for a period of at least one year, and at least one party must have resided in North Carolina for six months. There is some dispute in the record concerning the actual date of separation, but it is clear that Plaintiff and Defendant had ceased cohabitation by early 1993. By order entered 18 May 1993 in Orange County District Court, Judge Stanley Peele denied Plaintiff's complaint for absolute divorce. Judge Peele ruled that Plaintiff and Defendant had not satisfied the requirement that they had lived separate and apart for at least one year immediately prior to the filing of the complaint. Judge Peele's order also included the following language: "This Order is without prejudice to Plaintiff to bring the issue of absolute divorce before the [c]ourt at such time as [Plaintiff and Defendant] have been separated for one continuous year." Plaintiff and Plaintiff Intervenor were purportedly married in July of 1994, before any divorce between Plaintiff and Defendant had been granted.
Judge Lowery Betts entered judgment in Orange County District Court on 6 May 1996 granting an absolute divorce between Plaintiff and Defendant. This purported absolute divorce was granted pursuant to the original file number issued in Plaintiff's 10 March 1993 complaint. Judge Betts relied on the language in Judge Peele's 18 May 1993 order that stated Judge Peele's order was "without prejudice to Plaintiff to bring the issue of absolute divorce before the [c]ourt at such time as [Plaintiff and Defendant] have been separated for one continuous year." It is unclear from the record who filed the 1996 motion resulting in Judge Betts' purported grant of absolute divorce, though Judge Betts' judgment suggests it was Plaintiff. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 60(b)(4) and Rule 60(b)(6), Defendant filed a motion on 11 July 2006 asking for relief from Judge Betts' 6 May 1996 judgment granting an absolute divorce to Plaintiff and Defendant. Defendant argued that the 6 May 1996 judgment was void because Judge Peele's 18 May 1993 order constituted a dismissal of the action for lack of subject matter jurisdiction, based upon Judge Peele's ruling that Plaintiff and Defendant had not lived separate and apart for the statutorily required one-year period immediately preceding the filing of Plaintiff's 10 March 1993 complaint. Defendant also argued that because Judge Peele dismissed Plaintiff's complaint for lack of subject matter jurisdiction, Judge Betts lacked jurisdiction to grant an absolute divorce based upon Plaintiff's original complaint. Defendant also requested that the trial court declare Defendant's marriage to Plaintiff valid up to the date of Plaintiff's death on 17 July 1996.
Plaintiff Intervenor filed a motion to intervene in Orange County District Court on 22 August 2006. A hearing on this motion was conducted on 16 October 2006, and the motion was granted by Judge Charles Anderson in an order entered 17 October 2006. Plaintiff Intervenor filed a verified intervenor complaint on 27 October 2006, and Defendant answered on 21 November 2006. Plaintiff Intervenor filed a motion for summary judgment on 30 March 2007, arguing that Defendant was barred from proceeding with her cause of action on the basis of "laches, estoppel, res judicata, statute of limitations, waiver, in pari delicto, and failure to meet the reasonableness standard of Rule 60."
Judge Anderson held hearings on Plaintiff Intervenor's motion for summary judgment on 24 May 2007 and 20 August 2007. In an order entered 20 August 2007, Judge Anderson ruled that Judge Betts' purported judgment granting absolute divorce to Plaintiff and Defendant was valid, and in the alternative, Defendant was barred from challenging that judgment because of: (1) Defendant's unreasonable delay in bringing her motion for relief, (2) the doctrine of quasi-estoppel, (3) the doctrine of judicial estoppel, and (4) laches. Judge Anderson made no specific ruling concerning the status of Defendant's marriage to Plaintiff at the time of Plaintiff's death. Defendant appeals.
In Defendant's first argument, she contends that the trial court erred in granting Plaintiff Intervenor's motion to intervene as a matter of right in the case before us. Defendant has failed to include in the record any notice of appeal from the 17 October 2006 order granting the motion to intervene. This failure is in violation of Rule 3(d) of the North Carolina Rules of Appellate Procedure, which is jurisdictional. N.C.R. App. P. Rule 3(d). We are therefore required to dismiss this argument. In re L.L., 172 N.C. App. 689, 695-96, 616 S.E.2d 392, 396 (2005), abrogated on other grounds by In re T.H.T., ___ N.C. ___, 665 S.E.2d 54 (2008).
In Defendant's second argument, she contends that the trial court erred by (1) conducting a hearing on the merits, (2) granting summary judgment in favor of Plaintiff Intervenor, and (3) denying Defendant's motion for relief from judgment. We agree. Because we find that a question of subject matter jurisdiction is determinative of the outcome of this appeal, our review of this matter is de novo. Harper v. City of Asheville, 160 N.C. App. 209, 216, 585 S.E.2d 240, 245 (2003).
Judge Peele denied Plaintiff's motion for absolute divorce in an order entered 17 May 1993, and included the following language in the order:
1. Plaintiff's Motion for an Absolute Divorce is denied at this time, the Parties not having been separated for one continuous year.
2. This Order is without prejudice to Plaintiff to bring the issue of absolute divorce before the Court at such time as the Parties have been separated for one continuous year.
According to N.C. Gen. Stat. § 50-6 (2007):
Marriages may be dissolved and the parties thereto divorced from the bonds of matrimony on the application of either party, if and when the husband and wife have lived separate and apart for one year, and the plaintiff or defendant in the suit for divorce has resided in the State for a period of six months.
If either of these two elements is lacking, the trial court has no jurisdiction to enter a judgment in the matter, and any purported judgment entered is void. Henderson v. Henderson, 232 N.C. 1, 9, 59 S.E.2d 227, 233 (1950) (citations omitted); see also Bruce v. Bruce, 79 N.C. App. 579, 580, 339 S.E.2d 855, 856 (1986).
On its face, Judge Peele's order ruled that Plaintiff and Defendant had failed to satisfy one of the necessary elements for maintaining an action for divorce, living separate and apart for a period of at least one year. This determination, which found a requirement for subject matter jurisdiction lacking, presented Judge Peele with no option other than dismissing the action. To the extent, if any, that Judge Peele's order attempted to maintain jurisdiction of the matter in the District Court of Orange County, that portion of Judge Peele's order is void.Henderson, 232 N.C. at 9, 59 S.E.2d at 233-34 ("[I]f the court has no jurisdiction over the subject matter of the action, the judgment in the action is void. A void judgment is one which has a mere semblance, but is lacking in some of the essential elements which would authorize the court to proceed to judgment.").
We note that it is unclear to this Court as to whether Judge Peele was attempting to maintain jurisdiction in the matter before him. The second paragraph of his order could be read as simply informing Plaintiff that he was not barred from bringing a new action for divorce once the statutory requirement of one year's separation had been met.
Judge Betts purported to grant an absolute divorce to Plaintiff and Defendant based upon the original complaint filed in 1993. Judge Betts also treated Judge Peele's order as granting continuing jurisdiction over the matter to the Orange County District Court. Because of these reasons, we must declare Judge Betts' 6 May 1996 judgment granting absolute divorce void based upon a lack of subject matter jurisdiction. Id.; Donnell v. Howell, 257 N.C. 175, 183, 125 S.E.2d 448, 453 (1962).
In light of our holdings above, we are constrained to reverse Judge Anderson's 20 August 2007 order, which ruled that the 6 May 1996 order entered by Judge Betts constituted a valid judgement granting absolute divorce. We remand with instruction to enter an order ruling the 6 May 1996 judgment granting absolute divorce void.
Because we base our holding on a lack of subject matter jurisdiction, we must also reverse Judge Anderson's rulings in the alternative barring Defendant's motion for relief from the 1996 judgment based upon unreasonable delay, quasi-estoppel, judicial estoppel, and laches, as the issue of jurisdiction may be raised at any time, and a void judgment may not be revived by the subsequent actions of any party. In re D.R.S., 181 N.C. App. 136, 138, 638 S.E.2d 626, 627 (2007); see also In re T.R.P., 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) ("'A void judgment is in legal effect no judgment. No rights are acquired or divested by it. It neither binds nor bars any one, and all proceedings founded upon it are worthless.'") (citations omitted)).
We note that Judge Anderson's order only addresses the validity of the 1996 divorce decree. The order does not address any claims Defendant may have made concerning the validity of the marriage between Plaintiff and Plaintiff Intervenor. Therefore, the validity of this purported marriage has not been determined.[1]See In re Estate of Anderson, 148 N.C. App. 501, 505-06, 559 S.E.2d 222, 224-25 (2002).
Reversed and remanded.
Chief Judge MARTIN and Judge STEPHENS concur.
Report per Rule 30(e).
NOTES
[1] We make no determination of whether North Carolina courts have jurisdiction to decide this matter. There is some indication in the hearing transcript that Plaintiff and Plaintiff Intervenor were married in Massachusetts, and Plaintiff Intervenor is a resident of Oregon.