FINLAYSON v. KIRBY.

(November 27, 1900.)

1. *Appeal—Remand—New Trial—Rights of New Parties —Former Judgment—Pleading.*

     Where Supreme Court remands a case to make parties, they are entitled to plead and be heard, notwithstanding the plaintiffs are thereby given a new trial.

2. *Appeal—Remand—Jurisdiction of Supreme Court—Continuance of Docket—Dismissal.*

     Where Supreme Court remands a case and it is inadvertently kept on its docket, any subsequent orders in Supreme Court are nullities.

MOTION by W. H. Finlayson and another to reinstate the case of W. H. Finlayson, *et al.,* against G. L. Kirby, *et al.,* reported in 121 N. C., 106. The motion was denied and the case was discontinued.

FINLAYSON *v.* KIRBY.

*S. W. Isler, H. G. Connor,* and *A. C. Davis,* for plaintiffs.

*W. C. Munroe,* and *Allen & Dortch,* for defendants.

FURCHES, J.   This case was before this Court at Fall Term, 1897, when the Court, without disposing of the appeal upon its merits, for reasons stated in the opinion of the Court remanded it—sent it back to the Superior Court of Wayne County—in order that proper and necessary parties might be made. 121 N. C., 106. That should have been, and was, in fact, the end of that appeal in this Court.   But, by inadvertence, it was continued upon the docket of this Court, and, at Fall Term, 1899, an order was directed to issue to the plaintiffs to make parties by the next term of this Court, or the case would be dismissed. At Spring Term, 1900, there was an order continuing the case, under former order, until the present term.   And at this term, on motion of defendants, the Court ordered that. the case be dismissed, and, on notice to defendants, the case is again called to the attention of the Court by a motion of plaintiffs to reinstate the case upon the docket of this Court.

Upon considering this last motion, the Court is of the opinion that the case is not in this Court, and has not been since the order at Fall Term, 1897, remanding the case to the Superior Court of Wayne County, and that the orders at Fall Terms, 1899, at Spring Term, 1900, and at the present term are nullities, for the reason that the case is not here, and the Court had no jurisdiction to make any order in the case; that, the case being in the Superior Court of Wayne County, it is the duty of that Court to proceed with the cause, as directed by the order of this Court at Fall Term, 1897.   As the order of this Court only remands the case to make parties, without saying more, there seems to be some

uncertainty as to what rights the new parties have when they are made parties. They contend that they have the right to be heard—to plead, and set forth the ground of their contention, and to have the issues arising upon such pleadings tried in the ordinary way by the Court and jury; while the defendant, Kirby, contends that they are bound by what has been done—the verdict and judgment, already had on the former trial; that to hold otherwise would be, in effect, to give the plaintiffs a new trial. This may be so, but it seems to be the necessary result of the order of this Court. It would be most unjust to these new parties to order them to be brought into Court, and not allow them to plead and defend their rights. When they are brought into Court, they must come as freemen, with the rights of freemen, and not wearing shackles. They must have the right to plead and to be heard before the Court and jury. This case will be discontinued as a case on the docket of this Court; and it is so ordered.

Discontinued.