The claimant was employed by the Carolina Cleaners, Incorporated, as a presser and contended that he was injured in the course of his employment on or about 15 November, 1931. Claimant said: "I was pressing a suit and was trying to finish up and get off work on Sunday morning and get off duty, and I was rushing and the pedal slipped and twisted my ankle and it throwed me over on the pressing board." The claimant requested a hearing by the Industrial Commission on 19 August, 1932, and thereafter Commissioner Dorsett found the following facts: *Page 541 
1. "That the plaintiff gave no notice whatever to his employer of the alleged accident as having occurred on or about this date until sometime during March, 1932.
2. "That the employer's rights in this case have been seriously prejudiced by the failure of the plaintiff to give the employer the notice of this alleged accident.
3. "The Commissioner is unable to find from the evidence taken at the hearing that the plaintiff sustained the injury by accident that arose out of and in the course of the employment as alleged by the claimant."
Thereupon the claim for injury was denied.
Subsequently, on 26 June, 1933, the claimant made a motion before the Industrial Commission asserting in substance:
1. That by reason of excusable negligence of counsel evidence in support of his claim was not introduced at the hearing.
2. That the procedure followed in rendering and entering said judgment was irregular because the stenographic record taken at the hearing was not transcribed and was not, and is not of record in the cause.
3. That the hearing was conducted by a deputy commissioner, but that the findings of fact and award were written by one of the commissioners, "and his conclusion was reached from a pencil-written memorandum of a digest of the testimony written by the deputy commissioner, which said memorandum was highly prejudicial to the cause of plaintiff, and said memorandum was an erroneous conclusion of the testimony adduced upon trial."
4. That the defendant was permitted to introduce at the hearing a signed statement made by the claimant, which said statement was procured by the fraud and deceit of the carrier.
The defendants, answering the motion made by the plaintiff, denied the allegations of fraud and contended that upon "failure of claimant to enter an appeal from the said opinion and decision of Commissioner Dorsett to the full Commission, all rights of claimant to further prosecution of this claim became and were thereby barred."
The full Commission, after considering the motion and answer, declares:
"That in order that substantial justice may be done, and the purpose of the Compensation Act may be fully carried out in this case, and in order that the Commission may have a full disclosure of all testimony, the said judgment, in the exercise of sound discretion should be set aside and the case reheard."
"The evidence in this case was heard before E. W. Price, deputy commissioner, and the report of the evidence stenographically reported. It is admitted, however, at the time of the award by Commissioner Dorsett a transcription of the testimony had not been made and *Page 542 
transmitted to the commissioner, and it is admitted that upon request by counsel for the claimant sometime prior to 28 August, 1933, to examine the transcript of testimony that the stenographic notes had been misplaced and could not be found, but that they were later found and a transcript of said notes made and duly filed as a part of the record in this case.
"It has been the practice in numbers of cases before the Commission for a commissioner to determine a cause heard before a deputy commissioner upon having the stenographic notes read to the commissioner, and there is no criticism of Commissioner Dorsett for his action in this case, but the Commission's attention has been called to section 58 of the act which provides as follows:
"`The Commission or any of its members shall hear the parties at issue and their representatives and witnesses, and shall determine together with a statement of the findings of fact, rulings of law, and other matters pertinent to the questions at issue shall be filed with the record of the proceedings, and a copy of the award shall immediately be sent to the parties in dispute. The parties may be heard by a deputy, in which event he shall swear or cause the witnesses to be sworn, and shall transmit all testimony to the Commission for its determination and award.'"
"And the full Commission is of the opinion that the provisions of section 58 were not strictly complied with in this case and that, therefore, the award rendered herein was irregular, and the Commission, in the exercise of its discretion, hereby sets aside the award of Commissioner Dorsett to the end that the claimant may have a hearing de novo."
From the foregoing order of the Industrial Commission, the defendants appealed to the Superior Court. After hearing the evidence and argument of counsel the trial judge was of the opinion that the ruling of the Industrial Commission setting aside the award should be affirmed, and thereupon ordered and adjudged "that this cause be remanded to the North Carolina Industrial Commission," etc.
From the foregoing judgment, the defendants appealed.
The Industrial Commission has within the limits prescribed by statute, continuing jurisdiction, and hence as an administrative agency, empowered to hear evidence and render awards thereon affecting the rights of workers, has and ought to have authority to make its own records speak the truth in order to protect its own decrees from mistake of material facts and the blight of fraud. Industrial Commission v. Dell, 135 N.E. 669, 34 A.L.R., 422. *Page 543 
The defendant relies upon Concho Wash Sand Co. v. Worthing, 26 P.2d 417; In re Lavengie, 117 N.E. 200; Re Perkins' case,180 N.E. 142; Putt v. Laher Ice Cream Co., 161 A. 622. An examination of these cases discloses that they are not determinative of the question involved in this appeal.
The full Commission finds and asserts that the award was not made in compliance with the provision of the statute, and manifestly the Commission is entitled to vacate an award which the Commission itself admits was entered contrary to law.
Affirmed.