JOE BUTTS, EMPLOYEE, AND LUCY BUTTS, ADMINISTRATRIX, WIDOW, NEXT
OF KIN, AND DEPENDENT OF JOE BUTTS, DECEASED, v. MONTAGUE
BROS., EMPLOYER, AND PUBLIC INDEMNITY COMPANY, INSURANCE
CARRIER.

(Filed 1 May, 1935.)

1. **Master and Servant F d—Industrial Commission held to have the power to order a rehearing for newly discovered evidence.**

While there is no direct statutory provision giving the Industrial Com-
mission power to order a rehearing of an award made by it for newly
discovered evidence, the Commission has such power in proper instances
in accordance with its rules and regulations, N. C. Code, 8081 (jjj), it
being the intent of the Legislature, as gathered from the whole act, to
give the Industrial Commission continuing jurisdiction of all proceedings
begun before it with appellate jurisdiction in the Superior Court on mat-
ters of law only.

2. **Same—Upon remand of cause to Industrial Commission the Com-
mission acquires jurisdiction for all purposes.**

Where a proceeding is remanded to the Industrial Commission by the
Superior Court for a specific purpose in accordance with a decision of the
Supreme Court upon a former appeal, the Superior Court surrenders juris-
diction and the Industrial Commission acquires jurisdiction for all pur-
poses, and the Commission has the power, notwithstanding that the
remand of the cause was for a specific purpose, to order a rehearing for
newly discovered evidence in accordance with its rules and regulations.

APPEAL by defendants Montague Bros. from *Barnhill, J.,* at August
Term, 1934, of WAYNE. Reversed.

This is a proceeding for compensation under the provisions of the
North Carolina Workmen's Compensation Act.

The proceeding was begun before the North Carolina Industrial Com-
mission on 20 May, 1931, by Joe Butts, an employee of Montague Bros.,
for compensation for an injury by accident which arose out of and in the
course of his employment on 29 January, 1929.

The proceeding was first heard by Commissioner Dorsett, at Golds-
boro, N. C., on 23 June, 1931. On the facts found by him, Commis-
sioner Dorsett denied compensation, and Joe Butts, the employee, ap-
pealed to the full Commission.

The proceeding was heard on this appeal by the full Commission at
Raleigh, N. C., on 22 September, 1931. The full Commission set aside
the finding of fact made by Commissioner Dorsett, on which he had
denied compensation, and on its finding of fact, made in lieu thereof,
awarded compensation. This award was made on 6 October, 1931.
Both Montague Bros., the employer, and Public Indemnity Company,

the insurance carrier, appealed from this award to the Superior Court of Wayne County.

After the proceeding was docketed in the Superior Court on said appeal, and while it was pending in said court, it was ascertained that Joe Butts had died on 21 September, 1931, and was therefore dead at the time the award was made by the Industrial Commission on 6 October, 1931. His widow, Lucy Butts, was duly appointed as administratrix of Joe Butts, deceased, and as such was made a party to the proceeding on 25 July, 1932.

The proceeding was heard at November Term, 1932, of the Superior Court of Wayne County, by Judge Grady, who rendered a judgment at said term dismissing the proceeding. From this judgment, Lucy Butts, administratrix, appealed to the Supreme Court. At the hearing of this appeal the judgment dismissing the proceeding was reversed. The proceeding was remanded by the Supreme Court to the Superior Court of Wayne County, "with direction that the Industrial Commission proceed, after notice to the parties, to hear evidence and find therefrom who are the next of kin of Joe Butts, deceased, dependent upon him for support at his death." See 204 N. C., 389, 168 S. E., 215.

At June Term, 1933, of the Superior Court of Wayne County, Judge Frizzelle ordered that the proceeding "be remanded to the North Carolina Industrial Commission with direction to said Commission, after notice, to find who are the next of kin of Joe Butts, deceased, dependent upon him for support at his death, to make said next of kin parties to this proceeding, and to transmit this proceeding back to this court for further proceedings in accordance with the opinion of the Supreme Court in this case."

Pursuant to said order, the Industrial Commission heard the proceeding and found that Lucy Butts, widow of Joe Butts, was his next of kin, dependent upon him for support at his death. Lucy Butts, as widow, next of kin, and dependent of Joe Butts, deceased, was made a party to the proceeding by the Industrial Commission.

While the proceeding was pending before the Industrial Commission, pursuant to the order of Judge Frizzelle, Montague Bros., the employer, moved for a rehearing of the proceeding on the ground that since the award was made on 6 October, 1931, new evidence had been discovered by the said employer, which was pertinent to the question involved in the proceeding, and which, if heard by the Commission, would result in an award that the plaintiff is not entitled to compensation in this proceeding. This motion was allowed by the Industrial Commission, and the plaintiff Lucy Butts, widow, next of kin, and dependent of Joe Butts, deceased, appealed to the Superior Court.

At the hearing of this appeal the order of the Industrial Commission for a rehearing on the ground of newly discovered evidence was reversed, and the award made by the Industrial Commission on 6 October, 1931, was affirmed.    The defendant Montague Bros. appealed to the Supreme Court.

*Kenneth C. Royall and Robert A. Hovis for plaintiffs.*
*Langston, Allen & Taylor and Scott B. Berkeley for defendants.*

CONNOR, J.    There is no provision in the North Carolina Workmen's Compensation Act for a rehearing of a proceeding in which the North Carolina Industrial Commission has made an award in accordance with the provisions of the act, on the ground of newly discovered evidence. It is provided in the act, however, that the Industrial Commission, on its own motion, or on the application of a party to the proceeding, may review an award made by the Commission, on the ground of a change of conditions since the award was made.    Upon such review, the Commission may vacate and set aside an award previously made by it, or may diminish or increase the amount of compensation awarded, within the limits provided in the act.    N. C. Code of 1931, sec. 8081 (bbb).    The Commission also has the power to make rules not inconsistent with the act, for carrying out its provisions.    N. C. Code of 1931, sec. 8081 (jjj).    All the provisions of the act show that it was the purpose of the General Assembly that the Industrial Commission should have a continuing jurisdiction of all proceedings begun before the Commission for compensation in accordance with its terms.    The Superior Court has jurisdiction only when a party to a proceeding has appealed to said court on matters of law involved therein.    Findings of fact made by the Commission are conclusive and when supported by evidence, cannot be reviewed by the Superior Court.    We think it clear that the Commission has the power, in a proper case, and in accordance with its rules and regulations, to grant a rehearing of a proceeding pending before it, and in which it has made an award, on the ground of newly discovered evidence.    See *Byrd v. Lumber Co.,* 207 N. C., 253, 176 S. E., 572, and *Ruth v. Carolina Cleaners, Inc.,* 206 N. C., 540, 174 S. E., 445.

Pursuant to the order of Judge Frizzelle, at June Term, 1933, of the Superior Court of Wayne County, this proceeding was pending before the North Carolina Industrial Commission at the time the order for a rehearing on the ground of newly discovered evidence was made by the Commission.    The order of Judge Frizzelle was in compliance with the order of this Court on the former appeal.    When the proceeding was remanded from the Superior Court, where it was pending on appeal, to the Industrial Commission, although for a specific purpose, as stated in

the order, the Superior Court surrendered its jurisdiction, and the Industrial Commission acquired jurisdiction for all purposes. See *Finlayson v. Kirby,* 127 N. C., 222, 37 S. E., 223.

There was error in the judgment reversing the order of the Industrial Commission for a rehearing of the proceeding on the ground of newly discovered evidence, and in affirming the award made by the Commission on 6 October, 1931. The appeal from the order of the Commission to the Superior Court should have been dismissed. The judgment is

Reversed.