ARCHIBALD LEWIS BASS v. JAMES W. INGOLD AND J. W. WEAVER, ORIGINAL DEFENDANTS, AND BRYAN A. DIXON AND WESTINGHOUSE ELECTRIC CORPORATION, ADDITIONAL DEFENDANTS.

(Filed 9 June, 1950.)

**1. Torts § 6—**

Where an additional defendant is brought in by the original defendant for the purpose of contribution under G.S. 1-240, the propriety of such joinder will be determined by the pleadings of the original defendant, unaffected by any pleadings filed by plaintiff.

**2. Same: Automobiles § 20b—**

Where the driver of a car is under the control and direction of a passenger who is the employee driver's superior, any negligence of the driver is imputable to the passenger and bars any action by the passenger against him, and therefore in an action by the passenger against the owner of the other vehicle involved in the collision, the employee driver is improperly joined as an additional defendant on motion of the original defendant for the purpose of contribution as a joint tort-feasor. G.S. 1-240.

**3. Torts § 6: Master and Servant § 41—**

Two employees, traveling in an automobile in the discharge of the employer's business, had a collision with another vehicle. In an action by the employee passenger against the owner and driver of such other vehicle, the employee driver is improperly joined as an additional defendant on motion of the original defendant for the purpose of contribution as a joint tort-feasor, since the employee driver is immune from liability under the provisions of G.S. 97-9.

BRYAN A. DIXON's appeal from *Harris, J.,* January 1950 Civil Term of DURHAM Superior Court.

This action was instituted in the Superior Court of Durham County by the plaintiff, Archibald Lewis Bass, to recover damages for personal injuries sustained by him on December 13, 1948, as a result of a collision of a car, driven by Bryan A. Dixon, in which he was a passenger, with that of the defendant, J. W. Weaver. The vehicle of defendant Weaver was being operated by an agent or employee of Weaver, the defendant James W. Ingold, in the course of his employment. The plaintiff alleges that his personal injuries were proximately caused by the negligence of the defendant Ingold.

The defendants Ingold and Weaver by way of answer, cross-action and request for affirmative relief by contribution alleged that Bryan A. Dixon was contributorily negligent; that he was driving a vehicle owned by Westinghouse Electric Corporation as an employee of such corporation and in the course and scope of his employment; that the plaintiff was an employee of the corporation and, at the time of the collision, was acting in the course and scope of his employment; that the plaintiff was the immediate superior and supervisor of Dixon in the employment of Westinghouse Electric Corporation and, as such, had the right and duty to, and did, exercise control and direction over the operation of the car driven by Dixon. The defendants further alleged that any contributory negligence of Dixon was imputable to the plaintiff and such contributory negligence was pleaded in bar of recovery. The defendants further pleaded that if they should be held to be guilty of any negligence causing injury to the plaintiff, and if the plaintiff should be held not guilty of any contributory negligence imputable to him, then Dixon and the Westinghouse Electric Corporation were also guilty of negligent acts and conduct which concurred with the negligence of the defendants in producing the injuries and damages sustained by the plaintiff. The defendants moved that Dixon and the Westinghouse Corporation be made parties defendant as joint tort-feasors pursuant to the provisions of G.S. 1-240 in order that joint liability be determined and adjudicated and the defendants Ingold and Weaver might have contribution in the event of any recovery

by plaintiff. Dixon and the corporation were thereupon made parties defendant upon order of the Clerk.

The additional defendant, the Westinghouse Electric Corporation, made a special appearance and moved to dismiss, as to it, the cross-action of the original defendants on the grounds that the rights and obligations of the plaintiff and the corporation arose out of and were exclusively controlled and defined by the Workmen's Compensation Act (G.S., Ch. 97), such act being exclusive of all other rights and remedies between them; that the plaintiff was the only person having any right or remedy against the corporation by reason of the injuries sustained by him in the collision; that plaintiff had made claim for compensation in accordance with the Workmen's Compensation Act and that such compensation was duly paid after approval by the Industrial Commission; that the corporation was not, and could not be, a joint tort-feasor with the original defendants with respect to the plaintiff within the meaning of G.S. 1-240. The motion was sustained and no appeal was taken from the order sustaining such motion.

The plaintiff filed a reply to the further answer and defense of the original defendants in which he specifically denied that at the time of the collision, or on any other occasion he was the immediate superior and supervisor of the additional defendant Dixon, in the employment of Dixon by the Westinghouse Electric Corporation. He averred that he was employed in the sales department of the corporation and that Dixon was employed in the service department.

The additional defendant, Bryan A. Dixon, demurred to the answer and cross-action of the original defendants, stating as grounds therefor that facts sufficient to state a cause of action were not stated therein for the reason that it appeared on the face of the answer and cross-action that he was a fellow-employee of the plaintiff at the time of the collision; that the plaintiff was the immediate superior and supervisor of him, Dixon; that said Bass had the right and duty to, and did, exercise control and direction over the operation of the automobile being driven by Dixon, and that the negligence, if any, of Dixon was imputable to the plaintiff; that proof of such facts would constitute a bar to plaintiff's claim against Dixon and would relieve the original defendants of all liability and afford no ground upon which to base an action for contribution against Dixon.

The court below overruled the demurrer of the additional defendant Dixon, assigning as reasons therefor:

(a) That under the complaint, the answer and cross-action of the original defendants and the reply of the plaintiff, there arises a disputed issue of fact as to whether the plaintiff was a superior of the additional defendant Dixon, and as to whether he had the right to or did control the operation by Dixon of the vehicle occupied by the plaintiff, so as to form

the basis for the imputation of any alleged negligence on the part of Dixon to the plaintiff.

(b) That proof alone of negligence on the part of Dixon, proximately contributing to the injury of the plaintiff would therefore not constitute a complete bar to the plaintiff's action.

(c) That if the jury should find that the plaintiff had no right to, and did not, control the operation of the vehicle by Dixon then the original defendants would have sufficient ground in law upon which to base a claim for contribution on the part of Dixon, arising under their allegations of negligence on his part contributing proximately to the injury of the plaintiff.

For the foregoing reasons, the court held that there arises under all the pleadings an issue of contingent liability for contribution on the part of the additional defendant Dixon, which should be determined in this action, and that Dixon is a proper party defendant to this action for such purpose, under the provisions of G.S. 1-240.

From the order of the court below, the additional defendant Bryan A. Dixon, appeals, the sole exceptive assignment of error being to the signing of the order overruling the demurrer of such defendant.

*A. J. Fletcher and F. T. Dupree, Jr., for defendant Dixon, appellant.*

*Fuller, Reade, Umstead & Fuller and James L. Newsom for defendants, appellees.*

SEAWELL, J. The defendants, Ingold and Weaver, sought to bring in the additional defendants for contribution as joint tort-feasors under G.S. 1-240 and for no other purpose. The Westinghouse Electric Corporation is no longer in the picture. The "additional" defendant, Bryan A. Dixon, demurred to the further answer and cross-action of the original defendants as it related to him for the reason that on the face of it, the defendants made the affirmative plea above set out in the statement of the case, to which we refer. The demurrer was overruled, partly, it appears in deference to allegations in plaintiff's pleading which His Honor assumed raised an issue of fact, but, the additional parties were not brought in at the instance of the plaintiff but solely on the motion of defendants and within the limits of that pleading the demurrer must stand or fall.

We think it clear that a person riding in a car driven by another person whose superior he is and over whom he has the control and direction in the operation of the car and presently exercising such control and direction is thereby barred from any action for injury proximately caused by the negligence of the driver, which, in law, is imputable to him, and therefore forms no basis for a cross-action bringing the driver in as a

party-defendant on the theory of contribution as a joint tort-feasor. *Evans v. Johnson*, 225 N.C. 238, 34 S.E. 2d 73.

It appears from the record, however, that Bass, the plaintiff, and Dixon, were fellow employees of the Westinghouse Corporation, which was dismissed from the action on the ground that it was not amenable to the provisions of G.S. 1-240, and could not be brought in for contribution as joint tort-feasor. The appellant contends that under G.S. 97-9 he is entitled to the same immunity.

The matter is fully discussed in *Essick v. City of Lexington, ante*, 200, and on principles there held applicable we are of the opinion that the order or judgment of the Superior Court was in error in retaining the appellant, Dixon, as a party defendant. The judgment is reversed and appellant dismissed as party to the action.

Reversed.