MELVIN W. STANLEY v. BILLY RAY BROWN AND LONNIE C. JONES, JR.

(Filed 31 January 1964.)

**1. Master and Servant § 86—**

The Workmen's Compensation Act precludes an action by one employee against another to recover for negligent injury when the employees and the employer are subject to the Compensation Act and the injury arises out of and in the course of the employment.

**2. Master and Servant § 91—**

The approval by the Industrial Commission of an agreement for compensation upon facts stipulated is as conclusive as an award of the Commission in an adversary proceeding. G.S. 97-82, G.S. 97-83.

**3. Same; Master and Servant § 86—** ·

Where the Industrial Commission has entered an award affirming an agreement for compensation for injuries inflicted by a fellow employee, a commissioner may not thereafter, upon agreement of the injured employee, the employer and the insurer that the injured employee was not engaged in the employment at the time, set aside the award without a hearing and without notice to the fellow employee, G.S. 97-6, G.S. 97-17, and an action at common law thereafter instituted by the injured employee against his fellow employee should be nonsuited in the Superior Court.

**4. Automobiles § 41f—**

Evidence that defendant-driver rammed the rear of another vehicle stopped because of a red traffic light *held* sufficient to take the issue of negligence to the jury.

**5. Automobiles §§ 21, 46—**

Where defendant introduces evidence that he ran into the rear of a stationary vehicle because of unforeseeable brake failure due to loss of brake fluid, the court should charge the jury as to the law if the jury should find the facts as contended by defendant, and the mere summarization of the evidence and statement of the defendant's contentions with respect to the failure of the brake are insufficient.

MOORE, J., concurring.

PARKER, J., joins in concurring opinion.

APPEALS by plaintiff and defendant Brown from *Carr, J.,* July 29, 1963 Civil Session of ALAMANCE.

Plaintiff seeks by this action damages for injuries to person and property sustained when the vehicle in which he was riding was struck in the rear by a vehicle owned by defendant Jones but driven by defendant Brown. The collision occurred about 6:13 p.m. 1 March 1960 at the intersection of Webb and Lexington Avenues in Burlington.

Plaintiff alleges: Brown, a police officer of Burlington, arrested Jones on the charge of operating a motor vehicle while under the influence of

intoxicants; the Jones car was parked while Brown took Jones to jail; Brown, in the performance of his duty as a policeman, returned to the Jones car for the purpose of parking it off the streets; while moving the Jones car, Brown ran into the rear of plaintiff's vehicle which had stopped because of a red traffic light; the collision was caused by the negligent failure of Brown to keep a proper lookout and control the car he was driving, and driving it at a speed in excess of that permitted by law; Brown was acting as agent for Jones in moving the car.

Brown and Jones filed a joint answer. They denied the alleged negligence, alleged the collision was caused by an unforeseeable brake failure due to loss of brake fluid. They denied the alleged relationship of principal and agent. For an affirmative defense they alleged both plaintiff and Brown were police officers of Burlington. Both in the performance of their duties went to remove the Jones vehicle from the streets. The collision occurred in the performance of that work; and because plaintiff had been injured by a fellow servant in the course and scope of their employment, plaintiff, Burlington, and Burlington's insurance carrier for workmen's compensation had submitted to the Industrial Commission the question of compensation to which plaintiff was entitled. The Commission had made an award which was conclusive and binding on the parties.

Plaintiff filed a reply admitting the Industrial Commission had made an award but alleged this award was thereafter vacated by the Commission because the injury did not arise out of and in the course of plaintiff's employment.

Issues based on (1) the alleged negligence of Brown, (2) agency, and (3) damages (a) to the person and (b) to plaintiff's vehicle were submitted to a jury. The jury answered the first issue in the affirmative, the second, in response to a peremptory instruction, in the negative. It fixed the amount of damages for personal injuries and to the truck.

The court set aside that portion of the verdict fixing the damages for personal injuries. It did so because it was of the opinion it had committed an error of law on that question. It rendered judgment for $100, the amount assessed as damages to the truck.

Plaintiff and Brown appealed.

*H. Clay Hemric, Clarence Ross, and B. F. Wood for plaintiff appellee, appellant.*

*Smith, Moore, Smith, Schell & Hunter by Bynum M. Hunter for defendant appellee, appellant.*

RODMAN, J. Plaintiff's appeal is directed to the action of the court in setting aside, because of error of law arising during the trial, that

portion of the verdict fixing damages for personal injuries. The conclu-
sion we reach with respect to the errors assigned by Brown makes it
unnecessary to answer the question propounded by plaintiff.

Brown's appeal presents two questions: (1) Is he liable for personal
injuries sustained by plaintiff? (2) Did the court commit error in the
charge with respect to the asserted negligence of Brown?

Our Workmen's Compensation Act, c. 97 of the General Statutes, was
enacted in 1929. Sec. 9 of that chapter relieves an employee from lia-
bility for negligence resulting in injury to a fellow employee when the
employees and employer are subject to the Compensation Act and the
injury arises out of and in the course of the employment. *Warner v.
Leder,* 234 N.C. 727, 69 S.E. 2d 6; *Bass v. Ingold,* 232 N.C. 295, 60 S.E.
2d 114; *Essick v. Lexington,* 232 N.C. 200, 60 S.E. 2d 106.

Municipalities and their employees are bound by the Act, G.S. 97-7.
The Act does not purport to deal with an employee's common law right
of action against his fellow employee for damage to property.

Brown, as a defense to plaintiff's right to damages for personal in-
juries, pleaded an award made by the Industrial Commission. In support
of his defense he put in evidence I.C. Form 21 entitled *"AGREEMENT
FOR COMPENSATION FOR DISABILITY MELVIN WILLARD
STANLEY (Employee) v. CITY OF BURLINGTON (Employer)
IOWA NATIONAL MUTUAL INS. CO. (Carrier)."* The named parties
stipulated the following facts: (1) "(A)ll parties hereto are subject to
and bound by the provisions of the North Carolina Workmen's Com-
pensation Act, and that the Iowa National Mutual Insurance Company
is the insurance carrier for said employer." (2) Employee sustained an
injury by accident arising out of and in the course of his employment on
1 March 1960. (3) The accident resulted in a sprained back and neck.
(4) The average weekly wage of the employee at the time of the acci-
dent, including overtime, was $323 per month. (5) Disability resulting
from the accident began on 2 March 1960. (6) The employer and the
insurance carrier were bound to pay to the employee compensation at
the rate of $35 per week for 2 and 5/7 weeks. (7) The employee return-
ed to work for the City of Burlington on 28 March 1960 at an average
wage of $323 per month. Compensation was paid pursuant to the stip-
ulations on 8 June 1960. The Industrial Commission, based on the facts
stipulated and the compensation paid, approved the agreement on 13
June 1960.

The Commission's approval of the stipulated facts and payment was
as conclusive as if made upon a determination of facts in an adversary
proceeding. G.S. 97-82 and 83; *Smith v. Red Cross,* 245 N.C. 116, 95
S.E. 2d 559; *Neal v. Clary,* 259 N.C. 163, 130 S.E. 2d 39. Plaintiff, to
avoid the bar created by the Commission's approval, alleged the order

of 13 June had been vacated because his injuries were not sustained in the course and scope of his employment.

The order on which plaintiff relies to vacate the award of 13 June 1960 was made by a deputy commissioner on 8 March 1962. It is based on facts stipulated by plaintiff, Burlington, and Iowa Mutual. The stipulation is dated 18 January 1962. Summarized or quoted, these are the facts stipulated: The parties were, on 1 March 1960, bound by the Compensation Act; plaintiff's monthly wage was $323; employer, on 2 March 1960, filed a report of the accident and injury with the Industrial Commission; *"the defendant-insurance carrier thereafter investigated the matter and on the basis of the investigation, the defendant-insurance carrier concluded that the plaintiff-employee was injured by accident within the course and scope of his employment"*; defendants then entered into an agreement to pay compensation to plaintiff; the agreement was submitted to and approved by the Commission; pursuant to the agreement the insurance carrier paid plaintiff $95 as compensation and $1,259.15 as medical expenses; that Brown was acting in the course and scope of his employment when he collided with the vehicle occupied by plaintiff; but "because of the mistaken belief that a police officer is always on duty and acting within the course and scope of his employment, and the fact that the plaintiff-employee had gone to the point where there was a cave-in in the street, a captain of the police department filed an employer's report of accident in which he stated that the plaintiff-employee was returning to the police station after assisting a fellow patrolman on an assignment, and the *plaintiff-employee advised the defendant-insurance carrier that he was still on duty at the time of the accident and was assisting Police Officer Brown who had arrested a driver of a vehicle for being under the influence of intoxicants and that the accident occurred as they were on the way back to the police station and that the plaintiff-employee was using his own personal vehicle since there were no other such vehicles available"*; compensation and medical payments had been made; "The defendant-insurance carrier was notified by the plaintiff-employee that he was not actually on duty at the time of the accident and that his injury was probably not one covered by the Workmen's Compensation Act; that the *defendant-insurance carrier and the defendant-employer then conducted separate investigations and on the basis of the investigations conducted they concluded that the plaintiff did not sustain an injury by accident arising out of and in the course of the plaintiff's employment."* (Emphasis supplied). Based on these stipulations the deputy commissioner, on 8 March 1962, found as a fact and concluded as a matter of law that plaintiff did not sustain an injury by accident arising out of and in the course of his employment.

Brown, by motion to nonsuit, challenges the validity of the order of 8

March 1962. That order was made without notice to him. If valid it deprives him of the protection accorded by the statute and does so simply because the employer and its insurance carrier, at the suggestion of the injured employee, have *"concluded that the plaintiff did not sustain an injury by accident arising out of and in the course of the plaintiff's employment,"* a fact theretofore solemnly asserted by plaintiff and admitted after an investigation by the insurance carrier. Plaintiff's right to compensation, under the admissions made in 1960 and not now controverted, depended upon a resolution of this simple question of fact: Did plaintiff go to the Jones car for the purpose of assisting Brown in the performance of his duty? If so, the rights of plaintiff and Brown *inter se* were fixed by the express language of the Compensation Act. The Commission, with plenary power to decide that factual question, answered in the affirmative. Its answer was based upon the admissions made by the injured party, his employer, and by the insurance carrier after it had made its own investigation.

The Industrial Commission has the inherent power, upon application made in due time, to relieve a party from a judicial determination of his rights when the decision is a product of mistake, fraud, or excusable neglect. *Neal v. Clary, supra; Butts v. Montague Brothers*, 208 N.C. 186, 179 S.E. 799; *Ruth v. Carolina Cleaners*, 206 N.C. 540, 174 S.E. 445; *Harris v. Diamond Const. Co. (Va.)*, 36 S.E. 2d 573; Annotations 73 A.L.R. 2d 939 *et seq.;* 2 Am. Jur. 2d 336. But this power to prevent injustice by fraud, mistake, or excusable neglect does not extend so far as to permit a nullification of the Act, by an agreement between a party entitled to receive and a party obligated to pay compensation that they will disregard its provisions. G.S. 97-6, 17.

When it has been judicially determined upon solemn admissions made by the party entitled to receive and the party obligated to pay that the employee has sustained a compensable injury, rights accrue to others which cannot be disturbed without notice and an opportunity to be heard. *Neal v. Clary, supra.*

It follows from what we have said that the order of the deputy commissioner, based as it is solely upon the agreement of the employee, employer and insurance carrier, without notice to and an opportunity for Brown to be heard is, as to him, void. *Universal Oil Products Co. v. Root Ref. Co.*, 328 U.S. 575, 90 L. ed. 1447; 30A Am. Jur. 672.

The record does not disclose when the parties sought to have the Commission vacate its original award. It must not be inferred from what is here said with respect to the power of the Commission in a proper case to vacate an award that the Commission can or should act upon the petition which the parties filed with it. Certainly the Commission has no greater authority than courts of general jurisdiction in similar situations.

*In re Crawford,* (S.C.), 30 S.E. 2d 841. The least that is required of an applicant is that he shall have exercised due diligence. *Henderson v. Henderson,* 232 N.C. 1, 59 S.E. 2d 227; 30A Am. Jur. 625. Whether G.S. 1-220 is applicable to cases before the Industrial Commission where relief is sought on the ground of fraud, mistake, or excusable neglect, need not now be determined.

The court erred in declining to allow Brown's motion to nonsuit plaintiff's cause of action for personal injuries.

The evidence with respect to Brown's negligence was sufficient to carry the case to the jury; hence the court properly overruled the motion as it relates to plaintiff's claim for property damage.

Plaintiff alleged the collision was caused by the negligence of Brown in that he (a) exceeded the speed limit, (b) failed to keep his vehicle under control, and (c) failed to look out for other traffic. Plaintiff's evidence was sufficient to support a finding of negligence based on any of these allegations.

Brown's evidence was sufficient to repel the asserted negligence. To explain his failure to stop before colliding with plaintiff's vehicle, he offered evidence that there was a sudden and unexplained failure of the brakes on his car caused by loss of brake fluid.

The court in its charge summarized the evidence and stated Brown's contention with respect to the failure of the brakes, but it failed to state what the law would be if the jury concluded the collision was caused by an unforeseeable brake failure. Brown's exception directed to the failure of the court to declare the law entitles him to a new trial on the issue of negligence.

Reversed on the claim for personal injuries.

New trial on the claim for property damage.

MOORE, J., concurring: An agreement for the payment of workmen's compensation, setting out jurisdictional facts and that the employee was injured by accident arising out of and in the course of his employment, when approved by the Industrial Commission is as binding on the parties as an order, decision or award of the Commission unappealed from, or an award of the Commission affirmed on appeal. *Smith v. Red Cross,* 245 N.C. 116, 95 S.E. 2d 559. Such agreement may be set aside for fraud, misrepresentation or mutual mistake at the instance of a party or parties thereto. *Neal v. Clary,* 259 N.C. 163, 130 S.E. 2d 39.

I concur with the holding of the majority opinion that such agreement may not be set aside by the Commission upon the *ex parte* factual stipulations of the parties which have the effect of withdrawing the question of compensation from the jurisdiction of the Commission, though such stipulations tend to show a mutual mistake of fact. Jurisdiction may

not be turned on and off at the whim or for the convenience of the parties. "In determining the question of jurisdiction, considerations of hardship, or the merits of the case, can play no part, nor is the concurrence of the litigants or witnesses controlling." 21 C.J.S., Courts, s. 112, pp. 170, 171. "When at any time or in any manner it is represented to the court that it has not jurisdiction, the court should examine the grounds of its jurisdiction before proceeding further, the question of jurisdiction being always open for determination. The court may receive testimony on a preliminary question to determine its jurisdiction and is not bound to dismiss the suit on a mere allegation of lack of jurisdiction, but may inquire into the correctness of the averment." 21 C.J.S., Courts, s. 113, p. 175. There can be no waiver of jurisdiction *Miller v. Roberts,* 212 N.C. 126, 193 S.E. 286. An order of the Commission relinquishing jurisdiction, theretofore asserted, should be made only after a plenary hearing instituted, if it need be, by the Commission itself. Such hearing was not had in this case. The majority opinion correctly reversed the court below on the question of nonsuit.

However, in my opinion we should not leave the impression that a full hearing and determination of the question of jurisdiction by the Commission would bind the defendant in the present action—the fellow employee. The sole issue before the Industrial Commission is whether Stanley, plaintiff herein, is entitled to compensation under the Workmen's Compensation Act. Defendant herein, the fellow employee, is neither a necessary nor proper party to the proceeding. He may be a necessary or important witness before the Commission, but the Commission cannot make him a party to the proceeding before that tribunal. Its orders and awards will be binding only upon the claimant-employee, the employer and insurance carrier.

*Miller v. Roberts, supra,* was an action in Superior Court for wrongful death. Miller and Townsend, a fellow employee, were employed by Roberts. Miller was fatally injured while riding in a motor vehicle operated by Townsend. Both were about the business of Roberts at the time of the injury. The immediate cause of the injury was the negligence of Townsend in the operation of the motor vehicle. Miller's administratrix instituted an action in Superior Court for the wrongful death of Miller, alleging actionable negligence on the part of Townsend and the liability of Roberts under the doctrine of *respondeat superior.* Defendants did not plead the Workmen's Compensation Act in bar, but there was uncontradicted evidence that Roberts had, at the time of the accident, 25 employees in the business establishment at which Miller and Townsend worked. The trial court nonsuited the action for want of jurisdiction in the Superior Court. On appeal, this Court affirmed, holding

that "The Superior Court has the duty and power to find a jurisdictional fact."

"Every court has judicial power to hear and determine, or inquire into, the question of its own jurisdiction, both as to parties and subject matter, and to decide all questions, whether of law or fact, the decision of which is necessary to determine the question of jurisdiction." 21 C.J.S., Courts, § 113, p. 174. It is the first duty of a court to determine its own jurisdiction. *Patrick v. Baker*, 180 N.C. 588, 105 S.E. 271.

In my opinion the Industrial Commission is without authority to bind defendant Brown as to its jurisdiction. If the Industrial Commission, after a full hearing should determine that the agreement for compensation for Stanley was executed by reason of mutual mistake, that Stanley was not injured in the course of his employment, and that Stanley had been diligent in moving to vacate the agreement, Brown would still be entitled to raise and have determined in Superior Court the question of jurisdiction in an action in Superior Court to fix him with liability for Brown's injury.

PARKER, J., joins in the concurring opinion.