***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips and the briefs and arguments of the parties. The appealing party has shown good grounds to reconsider the evidence. Accordingly, *Page 2 
the Full Commission reverses in part and affirms in part the Opinion and Award of Deputy Commissioner Phillips and enters the following Opinion and Award:
 ***********
The Full Commission finds as a fact and concludes as a matter of law the following, which were entered into by the parties as:
 STIPULATIONS
1. Plaintiff, AMS Staff Leasing, Dallas National Insurance, and Crawford Company stipulate and agree that these parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction over these parties and the subject matter.
2. All parties stipulate and agree that all parties have been correctly designated and there is no question as to misjoinder or non-joinder of parties.
3. Plaintiff, AMS Staff Leasing, Dallas National Insurance, and Crawford Company stipulate and agree that this matter is subject to the North Carolina Worker's Compensation Act.
4. Plaintiff, Wright's Roofing, AMS Staff Leasing, Dallas National Insurance, and Crawford Company stipulate and agree that an employment relationship existed between plaintiff and Wright's Roofing on or about June 28, 2010.
5. All parties stipulate and agree that plaintiff was not an employee of Boyet Builders on or about June 28, 2010, as contemplated outside of N.C. Gen. Stat. § 97-19.
6. Wright's Roofing, AMS Staff Leasing, Dallas National Insurance, and Crawford Company stipulate and agree that Dallas National was the workers' compensation insurance carrier for Wright's Roofing only for those employees who were hired through AMS Staff Leasing, to which the employees' wages were to be reported to AMS Staff Leasing by Wright's *Page 3 
Roofing. Defendants, AMS Staff Leasing, Dallas National Insurance, Crawford Co. and Wright's Roofing, stipulate and agree that since plaintiff was not hired by Wright's Roofing through AMS Staff Leasing and since plaintiff's wages were not otherwise reported to AMS Staff Leasing, Dallas National Insurance neither provided workers' compensation insurance coverage to Wright's Roofing for plaintiff's June 28, 2010 injury nor was Dallas National Insurance otherwise the carrier on this risk for Wright's Roofing. Crawford Company was Dallas National Insurance's servicing agent on the date of the injury giving rise to this claim.
7. All parties stipulate and agree that Auto-Owners Insurance was the carrier on the risk for Boyet Builders on or about June 28, 2010.
8. All parties stipulate and agree that Boyet Builders, on or about June 28, 2010, was in the process of constructing a residence in Reidsville, North Carolina. Boyet Builders was acting in the role of a general contractor as contemplated under N.C. Gen. Stat. § 97-19. Boyet Builders retained Wright's Roofing for the purpose of installing a roof on the residence that was under construction in Reidsville, North Carolina. Wright's Roofing was acting in the role of a sub-contractor as contemplated under N.C. Gen. Stat. § 97-19.
9. Plaintiff, Wright's Roofing, AMS Staff Leasing, Dallas National Insurance, and Crawford Company stipulate and agree that plaintiff suffered a compensable injury by accident arising out of and in the course and scope of his employment on June 28, 2010, when he was climbing a ladder to get onto the roof of the residence under construction and slipped and fell approximately 20 feet to the ground. Plaintiff suffered compensable injuries to his right lower extremity as a result of his compensable accident. Defendants, Boyet Builders and Auto-Owners Insurance, stipulate and agree that an accident occurred on June 28, 2010, in which plaintiff sustained the aforementioned injuries, but dispute that plaintiff was an "employee", as defined by *Page 4 
the Act, at the time of the incident and therefore also dispute that this incident produced a compensable claim that plaintiff may obtain benefits for.
10. All parties stipulate and agree that plaintiff has been disabled since his date of injury.
11. All parties stipulate and agree that plaintiff's average weekly wage is $513.25 which computes to a compensation rate of $342.18.
12. All parties stipulate and agree that Dallas National Insurance and Crawford Company filed a Form 60 on August 31, 2010. Pursuant to the filed Form 60, Dallas National Insurance and Crawford Company commenced payment of benefits pursuant to N.C. Gen. Stat. § 97-29, paying back owed benefits from June 30, 2010 forward and continuing to pay weekly benefits at a rate of $342.18 up to and through September 7, 2010, totaling $3,763.00. Dallas National Insurance and Crawford Company filed a Form 61 on September 15, 2010, denying liability and ceased indemnity payments at that time. Dallas National Insurance and Crawford Company filed a Form 63 with their Form 61 on September 15, 2010.
13. All parties stipulate and agree that the medical treatment plaintiff has received to date has been reasonable and administered to effect a cure and lessen plaintiff's period of disability.
 ***********
The following were submitted to the Deputy Commissioner as:
 EXHIBITS
1. Stipulated Exhibit #1:
 a. All medical records and bills,
 b. All discovery and answers thereto along with attachments exchanged by *Page 5 
the parties,
 c. All Industrial Commission filings including forms and motions,
 d. All of plaintiff's personnel/employment file, and
 e. The fully executed pretrial agreement.
 ***********
As set forth in Deputy Commissioner Phillips' May 19, 2011 Opinion and Award, the Full Commission addresses the following:
 ISSUES
1. Plaintiff's Issues:
 a. To what benefits is plaintiff entitled for his compensable injury of June 28, 2010?
 b. Which defendant is responsible for payment of past, present, and future benefits owed to plaintiff including but not limited to indemnity compensation, medical compensation, and permanent and partial disability compensation?
 c. Are the defendants, Dallas National and Crawford Company, subject to sanctions pursuant to N.C. Gen. Stat. §§ 97-18, 97-18.1, 97-29, 97-88.1 and Rule 404 for ceasing payment of N.C. Gen. Stat. § 97-29 benefits pursuant to a Form 60 without seeking Commission approval?
2. Defendant, Wright's Roofing's Issues:
 a. Was Wright's Roofing subject to the provisions of the North Carolina Workers' Compensation Act on June 28, 2010?
3. Defendants, Dallas National and Crawford Company's Issues: *Page 6 
 a. Did the Industrial Commission's October 22, 2009 Order properly deny plaintiff's Motion for Indemnity Benefits as to defendants Dallas National and Crawford Company?
 b. Does the Industrial Commission's Order of October 22, 2010 shield defendants Dallas National and Crawford Company from, or are these defendants otherwise not liable for, any sanctions claimed by the plaintiff, as more fully set out in plaintiff's issues in the Pre-Trial Agreement?
 c. Did Dallas National not provide workers' compensation insurance coverage to defendant Wright's Roofing for plaintiff's June 28, 2010 injury?
 d. Did defendants Dallas National and Crawford Company properly terminate payment of indemnity benefits to plaintiff, under the law and facts of this claim?
 e. Did the Form 60 filed in error by defendants Dallas National and Crawford Company only operate as an admission of compensability of this claim and not as an admission of workers' compensation insurance coverage?
4. Defendants, Boyet Builders and Auto-Owners Insurance Issues:
 a. Whether defendants Auto-Owners and Boyet Builders are liable for any benefits under N.C. Gen. Stat. § 97-19?
 b. Whether defendant Dallas National Insurance is estopped from denying liability for the payment of benefits after filing a Form 60 admitting compensability and initiating payment of temporary total disability benefits? *Page 7 
 c. Whether plaintiff was an employee as defined under the North Carolina Workers' Compensation Act and therefore eligible to claim any benefits in this matter?
 ***********
Based upon the preponderance of the evidence from the entire record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of hearing before the Deputy Commissioner, plaintiff was 41 years old. Plaintiff resides in Trinity, North Carolina. In approximately 2008, Randy Wright, owner of Wright's Roofing, hired plaintiff to work as a roofer for Wright's Roofing. Plaintiff was required to fill out an application for AMS Staff Leasing when he was hired by Wright's Roofing in 2008. Plaintiff worked as a roofer for Wright's Roofing through September of 2009 until work became slow. Plaintiff left his employment with Wright's Roofing in September of 2009 at which time Wright's Roofing filed a "Separation Notice" with AMS Staff Leasing indicating that plaintiff was no longer employed with Wright's Roofing.
2. Later, plaintiff sought employment with C D Wood Working in September of 2009. Plaintiff worked as a furniture maker with C D Wood Working through April of 2010. In April of 2010, plaintiff and Randy Wright discussed plaintiff returning to work as a roofer for Wright's Roofing. As a result, plaintiff returned to work with Wright's Roofing as a roofer in April of 2010. Plaintiff was not required to fill out any additional paperwork for AMS Staff Leasing when he returned to work for Wright's Roofing in April of 2010.
3. On or about June 28, 2010, Wright's Roofing had in its employ plaintiff, Terry Caswell, and two other gentlemen only identified as "Michael" and "T.J." These employees *Page 8 
worked for Wright's Roofing each week from at least April of 2010 up to and through June 28, 2010, completing roofing work and/or general labor on behalf of and for the benefit of Wright's Roofing.
4. Plaintiff's duties and orders were given by Randy Wright. Mr. Wright arranged for the transportation for his employees. All employees would meet at Wright's house and use the company van. Mr. Wright arranged for delivery of the materials the employees used. Mr. Wright decided when the employees would leave. Randy Wright did not spend a complete day on the jobsites and when Wright was not there, plaintiff was told to be in charge of the crew. Plaintiff was paid every week on Fridays. Plaintiff reported his hours to Mr. Wright.
5. Wright's Roofing maintained workers' compensation insurance for its employees on or about June 28, 2010, only if said employees were hired through AMS Staff Leasing and whose wages were reported to AMS Staff Leasing. On or about June 28, 2010, Wright's Roofing only had one employee who was hired through AMS Staff Leasing and whose wages were reported to AMS Staff Leasing, that being Terry Caswell. Wright's Roofing was uninsured as it pertained to plaintiff on June 28, 2010.
6. On June 28, 2010, Wright's Roofing was installing a metal roof on a residence in Reidsville, North Carolina. Wright's Roofing was hired by Boyet Builders to perform the roofing work on the residence in Reidsville, North Carolina. As stipulated, Wright's Roofing was acting in the role of subcontractor and Boyet Builders was acting in the role of general contractor as defined by N.C. Gen. Stat. § 97-19. Boyet Builders never obtained a certificate of workers' compensation insurance from Wright's Roofing for this project.
7. Typically, plaintiff and Mike would start the roofing job and plaintiff and Terry would finish the job. The other two laborers/roofers would work at other jobsites. A roofing job *Page 9 
usually took four days to complete. On June 28, 2010, plaintiff was climbing a ladder to get onto the roof of the residence in Reidsville, North Carolina. As Plaintiff was climbing to get on the roof, the ladder slipped and fell causing plaintiff to fall approximately 20 feet to the ground injuring his right leg. Plaintiff phoned Randy Wright on June 28, 2010, and informed him of his injury.
8. On June 28, 2010, Terry Caswell, plaintiff's coworker, took plaintiff to Anne Penn Hospital. Plaintiff was diagnosed with proximal fibular and distal tibial fractures. Plaintiff was transferred to High Point Regional Hospital in High Point, North Carolina where he underwent surgery to repair the fractures in his right leg on June 30, 2010. Dr. Mark Rowley of Regional Physicians Orthopaedic performed the surgery and has provided ongoing orthopedic treatment for plaintiff since June 29, 2010.
9. No return to work date has been established for plaintiff as of the date of hearing before the Deputy Commissioner. All medical treatment that plaintiff has received to date has been reasonable and intended to effect a cure and lessen plaintiff's period of disability.
10. Plaintiff filed a Form 18 with the Commission on July 16, 2010. An amended Form 18 was filed with the Commission on July 22, 2010.
11. Crawford Company, Third Party Administrator for Dallas National Insurance, filed a Form 60 Employer's Admission ofEmployee's Right to Compensation with the Commission on August 31, 2010. Based on the evidence presented at hearing and the stipulations entered into by the parties, the Commission finds that the August 31, 2010 Form 60 filed by Crawford Company on behalf of Dallas National Insurance, was filed under their mistaken belief that Dallas National Insurance did, in fact, provide workers' compensation insurance for Wright's Roofing that covered plaintiff on or about June 28, 2010. *Page 10 
12. Thereafter, Crawford Company issued payments to plaintiff pursuant to N.C. Gen. Stat. § 97-29 beginning June 30, 2010, and continuing through September 7, 2010, based on plaintiff's stipulated average weekly wage of $513.25 which computed to a compensation rate of $342.18. Crawford Company subsequently filed a Form 63 and Form 61 on September 15, 2010, denying liability for plaintiff's claim upon learning that they did not, in fact, provide workers' compensation insurance for Wright's Roofing as it pertained to plaintiff since plaintiff was not hired through AMS Staff Leasing nor were his wages reported to AMS Staff Leasing.
13. Crawford Company terminated payments of benefits on September 7, 2010, without approval of the Commission.
14. Plaintiff filed a motion with the Executive Secretary's office on September 23, 2010, requesting that defendants, specifically Crawford Company, be ordered to reinstate plaintiff's benefits pursuant to N.C. Gen. Stat. §§ 97-18, 97-18.1, 97-29, 97-82 and Commission Rule 404. Defendants filed a response and plaintiff's motion was subsequently denied by the Executive Secretary on October 22, 2010.
15. Crawford Company reinstated plaintiff's N.C. Gen. Stat. § 97-29 benefits on or about February 28, 2011, pursuant to Deputy Commissioner Phillips' February 21, 2011 Order and have paid all back owed benefits. Crawford Company continued to pay ongoing benefits.
16. Defendants, Boyet Builders and Auto-Owners Insurance, allege that defendants Dallas National Insurance and Crawford Company should be estopped from denying liability for payment of workers' compensation benefits to plaintiff, notwithstanding their earlier filing of a Form 60. Defendants, Boyet Builders and Auto-Owners Insurance, presented no evidence of estoppel at the hearing.
17. Randy Wright, as owner and operator of Defendant-Employer, Randy Wright *Page 11 
d/b/a Wright's Roofing, had the ability and authority to bring the Employer in compliance with the North Carolina Workers' Compensation Act and failed to do so.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. All parties are properly before the Industrial Commission. All parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. The Industrial Commission has jurisdiction over the parties and the subject matter of this case. N.C. Gen. Stat. § 97-2.
2. Randy Wright d/b/a Wright's Roofing was the duly-qualified employer at the time of the accident and is subject to the North Carolina Workers' Compensation Act, having employed the requisite number of employees to be bound under the provisions of said Act at the time of the incident. N.C. Gen. Stat. § 97-2.
3. An employee-employer relationship existed between plaintiff and said defendant-employer, Randy Wright d/b/a Wright's Roofing at the time of his injury, June 28, 2010, and said defendant-employer was uninsured at that time. N.C. Gen. Stat. § 97-2.
4. Plaintiff sustained a compensable injury by accident to his right lower extremity arising out of and in the course and scope of his employment on June 28, 2010. N.C. Gen. Stat. § 97-2(6).
5. As stipulated and agreed by the parties, plaintiff has been disabled since his date of injury and is therefore entitled to temporary total disability benefits. N.C. Gen. Stat. § 97-29. *Page 12 
6. As a result of Plaintiff's compensable injury by accident, plaintiff is entitled to medical treatment for so long as such treatment tends to effect a cure, provide relief or lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25.
7. Dallas National Insurance was the workers' compensation carrier for Wright's Roofing on or about June 28, 2010, only for employees of Wright's Roofing hired through AMS Staff Leasing. Dallas National Insurance was not the workers' compensation carrier for Wright's Roofing as it pertains to plaintiff's June 28, 2010 date of injury since Plaintiff was not hired through AMS Staff Leasing. As a result thereof, Wright's Roofing did not have workers' compensation insurance in effect to cover plaintiff and as such, was uninsured for injuries suffered by plaintiff on June 28, 2010. N.C. Gen. Stat. § 97-93.
8. N.C. Gen. Stat. § 97-82 states, in relevant part, ". . . payment pursuant to N.C. Gen. Stat. § 97-18(b) . . . shall constitute an award of the Commission on the question of compensability of and the insurer's liability for the injury for which payment was made. Compensation paid in these circumstances shall constitute payment of compensation pursuant to an award of this Article." Our appellate courts have interpreted this provision of N.C. Gen. Stat. § 97-82 to mean that if a party files a memorandum of agreement to pay compensation, such as a Form 60, and said memorandum of agreement is approved by the Commission, then the agreement for payment of compensation is as binding on the parties as an order, decision, or award of the Commission. Calhoun v.Wayne Dennis Heating Air Conditioning,129 N.C. App. 794, 501 S.E.2d 346 (1998); Brookover v. Borden,Inc., 100 N.C. App. 754, 398 S.E.2d 604 (1990); N.C. Gen. Stat. § 97-18. The Commission's approval of such an agreement containing stipulated facts and payments is as conclusive as if made upon a determination of facts in an adversarial proceeding. Stanley v. Brown,261 N.C. 243, 134 S.E.2d 321 (1964). However, the Act allows for such an *Page 13 
agreement to be set aside if the party contesting the agreement is able to show fraud, misrepresentation, undue influence, or mutual mistake. Pruitt v. Knight Publishing Co.,289 N.C. 254, 221 S.E.2d 355 (1976).
9. Crawford Company, on behalf of Dallas National Insurance, filed a Form 60 Agreement to Pay Compensation with the understanding that they did, in fact, provide coverage for plaintiff on June 28, 2010. After further investigation, Crawford Company, on behalf of Dallas National Insurance, discovered that plaintiff was not hired through AMS Staff Leasing as initially thought and therefore, no coverage was in effect for plaintiff on June 28, 2010. Defendants Dallas National Insurance and Crawford Company knew or should have known of plaintiff's actual employment status prior to the filing of the Form 60. Plaintiff did not say or do anything to cause defendants Dallas National Insurance and Crawford Company to file the Form 60 rather, plaintiff was merely the beneficiary of defendant's unilateral action. This was a unilateral action taken by defendants Crawford Company on behalf of Dallas National Insurance regarding coverage of plaintiff and therefore does not constitute a basis to set aside the August 31, 2010 Form 60 as filed by Crawford Company on behalf of Dallas National Insurance. As a result thereof, defendants, Dallas National Insurance and Crawford Company are liable for all benefits owed to plaintiff as a result of his June 28, 2010 compensable injury by accident. See Higgins v.Michael Powell Builders, 132 N.C. App. 720, 515 S.E.2d 17 (1999).
10. The Full Commission does not reach the issue of estoppel as the Full Commission concludes that the Form 60 cannot be aside, rendering the issue of estoppel moot.
11. Defendants, Boyet Builders and Auto-Owners Insurance, are entitled to reimbursement from defendants, Crawford Company and Dallas National *Page 14 
Insurance, for all benefits paid to plaintiff to date. Defendants, Crawford Company and Dallas National Insurance, shall be entitled to a credit for all benefits previously paid plaintiff by defendants, Boyet Builders and Auto-Owners Insurance. N.C. Gen. Stat. § 97-86.1(d).
12. Any employer required to secure payment of compensation who refuses and neglects to secure such compensation shall be punished by a penalty of one dollar ($1.00) for each employee, but not less than fifty dollars ($50.00) nor more than one hundred dollars ($100.00) for each day of such refusal or neglect, and until the same ceases pursuant to N.C. Gen. Stat. § 97-94(b).
13. Anyone with the ability and authority to bring their business into compliance with N.C. Gen. Stat. § 97-93 who fails to do so, may be assessed a penalty equal to one hundred percent of the amount of compensation due defendant's employees injured during the time his business failed to comply with N.C. Gen. Stat. § 97-93 as set out in N.C. Gen. Stat. § 97-94(d). Randy Wright, as owner and operator of Defendant-Employer, Randy Wright d/b/a Wright's Roofing, had the ability and authority to bring the Employer in compliance with the North Carolina Workers' Compensation Act and failed to do so.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law the Full Commission makes the following:
 AWARD
1. Defendants, Crawford Company and Dallas National Insurance, shall pay to plaintiff temporary total disability benefits pursuant to N.C. Gen. Stat. § 97-29 at a rate of $342.18 per week from June 28, 2010, to the present and continuing until further Order of the Commission. Defendants, Crawford Company and Dallas National Insurance, shall deduct 25% of plaintiff's back owed disability benefits and pay said 25% directly to plaintiff's counsel *Page 15 
as a reasonable attorney's fee. Defendants, Crawford Company and Dallas National Insurance, shall be entitled to a credit for all amounts previously paid by Boyet Builders and Auto-Owners Insurance to plaintiff and plaintiff's counsel.
2. Defendants, Crawford Company and Dallas National Insurance, shall pay all medical compensation incurred to date by plaintiff as a result of his compensable injuries. Defendants, Crawford Company and Dallas National Insurance, shall be entitled to a credit for any medical benefits previously paid by Boyet Builders and Auto-Owners Insurance.
3. Defendants, Crawford Company and Dallas National Insurance, shall provide medical treatment to plaintiff for so long as such treatment tends to effect a cure, provide relief or lessen plaintiff's period of disability. Defendants shall designate Dr. Mark Rowley of Regional Physicians Orthopaedic as plaintiff's authorized treating physician and approve any and all related treatment recommended by Dr. Rowley, including but not limited to surgical care, diagnostic and evaluation related services, and referrals for other treatment modalities or providers.
4. Defendants, Crawford Company and Dallas National Insurance, shall immediately reimburse defendants Boyet Builders and Auto-Owners Insurance for all benefits previously paid to or on behalf of Plaintiff.
5. Defendant-employer, Randy Wright d/b/a/ Wright's Roofing is ordered to pay the State of North Carolina penalties for the sum of $4,450.00 which represents $50.00 per day from April 1, 2010, to June 28, 2010, that defendant-employer failed to secure workers' compensation coverage in accordance with the Workers' Compensation Act. *Page 16 
6. An additional penalty of 100% of the amount of the compensation due to plaintiff in this matter is assessed against Randy Wright, individually, for failing to comply with N.C. Gen. Stat. § 97-93.
7. Defendants, Crawford Company and Dallas National Insurance, shall pay all costs.
This the 16th day of November, 2011.
 S/___________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/___________________ PAMELA T. YOUNG CHAIR
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1